A. J. BELL v. L. V. SLASOR AND EMMA SLASOR.

No. 467.

HOMESTEAD—*Alienation*—*Joint Consent.* The failure of the husband and wife to sign and acknowledge the execution of a deed con-veying their homestead at the same time and place is not sufficient of itself to show that it was made and executed without their joint consent.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed May 12, 1899. Affirmed.

*James Shultz*, for plaintiff in error.

*F. S. Jackson*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced in the district court of Greenwood county by plaintiff in error against the defendants in error for the wrongful and unlawful detention of certain real estate claimed by plaintiff in error as his homestead. The case was tried by the court, special findings of facts were made, and the court found in favor of the defendants. The plaintiff brings the case here for review.            —

The contention of plaintiff in error is that the homestead was conveyed without the joint consent of both husband and wife. The trial court found that plaintiff in error A. J. Bell and Naomi S. Bell were husband and wife; that Naomi S. Bell was the legal owner of the premises; that the premises were occupied by plaintiff in error and his wife as a homestead; that Naomi S. Bell entered into an agreement with L. V. Slasor for the purchase of the homestead; that in pursuance of the agreement a deed was prepared and sent to plaintiff in error A. J. Bell, who was temporarily residing in Miami county, Kansas; that Bell signed and acknowledged the execution of the deed and returned it to his wife, Naomi S. Bell, and two days thereafter Naomi S. Bell signed and acknowledged the deed and delivered it to the defendant L. V. Slasor, who immediately took possession of the land and has been in such possession ever since. The court also found that "while in Osawatomie (Miami county) plaintiff authorized his wife Naomi S. Bell to sell the homestead upon terms satisfactory to the plaintiff, but just what those terms were is not disclosed by the evidence."

Upon these facts did the trial court err in holding the conveyance good? We think not. No fraud, deception, misapprehension or illiteracy appears. In fact, the transaction, so far as it relates to the execution of the deed in question, was conducted by the husband and wife without suggestion from any one. Only one deed was executed. This was sent by the wife to her husband at Osawatomie, where he signed and acknowledged it and returned it to her; and she signed, acknowledged and delivered the same to the defendants in error two days later. The failure of the husband and wife to sign and acknowledge the

execution of a deed, conveying their homestead, at the same time and place is not sufficient of itself to show that it was made and executed without the joint consent of both husband and wife.

Our attention is called to the following authorities : *Tarrant v. Swain,* 15 Kan. 146 ; *Chambers v. Cox,* 23 id. 393 ; *Coughlin v. Coughlin,* 26 id. 116 ; *Bird v. Logan,* 35 id. 228, 10 Pac. 564 ; *Howell, Jewett & Co. v. McCrie,* 36 id. 636, 14 Pac. 257.   There can be no dispute as to the law in this state.   The homestead cannot be alienated without the joint consent of husband and wife, when that relation exists.   The application of this plain provision of our organic law must depend on the facts in each particular case.

The judgment of the district court will be affirmed.