## C. G. Hughes v. Wright & Vaughan.

No. 1689.   Decided April 24, 1907.

**1.—Acknowledgment—Certificate—Substantial Compliance.**

A certificate of acknowledgment of a deed will be sustained when it is substantially sufficient to show compliance with the law. (P. 513.)

**2.—Same—Omission of "Each."**

A certificate of acknowledgment of a deed executed by S. and T. which showed that S. and T. appeared before the officer and acknowledged "that he executed the same," etc., is sufficient to show acknowledgment by both S. and T. Since the Act was not one they could perform jointly, the word "each" before "acknowledged" may be supplied by construction. Huff v. Webb, 64 Texas, 284, distinguished, and Threadgill v. Bickerstaff, 7 Texas Civ. App., 406, disapproved. (Pp. 512–514.)

**3.—Same—Limitation—Registered Deed.**

A deed so acknowledged and recorded is sufficient to support limitation, as a deed duly registered, under the five years statute. (P. 514.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Franklin County.

Wright & Vaughan sued Hughes in trespass to try title, and re-

covered. Defendant appealed, and on affirmance obtained writ of error.

*B. O. Shirtliff* and *Chas. S. Todd,* for plaintiff in error.—The deed from Temple and Spear to Appellant C. G. Hughes was sufficiently acknowledged, authenticated and proven to admit it to record and to support the plea of limitation of five years. 2 Sayles' Civ. Stats., Final Title, General Provisions, sec. 3; also arts. 3268, subd. 4, 4620; Lewis & Baker v. Stewart, 62 Texas, 353-355; McDonald ·v. Morgan, 27 Texas, 503; Blythe v. Houston, 46 Texas, 65, 79; Monroe v. Arledge, 23 Texas, 480; Rose v. Newman, 26 Texas, 131; Cook v. Knott, 28 Texas, 90; Gray v. Kauffman, 82 Texas, 68; Summer v. Mitchell, 14 L. R. A., 815-825. The case of Threadgill v. Bickerstaff, 7 Texas Civ. App., 414, is believed to be hypertechnical, and unsound on the point as to the acknowledgment.

*R. T. Wilkinson,* for defendants in error.—A deed by two or more persons, with the certificate of the officer showing that "he" appeared before the officer and acknowledged that "he" executed the same, etc., when filed and recorded is not an instrument duly recorded, as required by statute of limitations, and will not support the plea of five years' limitation. Threadgill v. Bickerstaff, 7 Texas Civ. App., 406; Carleton v. Lombardi, 81 Texas, 355; McKie v. Anderson, 78 Texas, 207; Huff v. Webb, 64 Texas, 286; Rev. Stats., arts. 4615, 4616.

BROWN, Associate Justice.—On the 5th day of June, 1902, Wright & Vaughan filed their petition in the District Court of Franklin County in the form of trespass to try title against C. G. Hughes, seeking to recover from him fifty-three acres of land in the said county. Hughes pleaded not guilty, and the statutes of limitation of five and ten years. The trial was had before the judge of the court, who filed his conclusions of fact which we condense as follows:

Wright & Vaughan deraigned their title from the government by regular conveyances and were entitled to recover the land, unless the defendant Hughes established his title by the limitation of five or ten years. The facts bearing upon the question of limitation as found by the court are as follows: In April, 1892, Hughes was claiming the land under a parol sale made to him by A. M. Temple and S. M. Spear, who claimed to own the land as the heirs of Isaac Spear, who had purchased the land at a tax sale, which the court held to be void. In the month of May, 1892, Hughes, in connection with other persons, fenced the land under a wire fence, enclosing a large body of land. On the 8th day of September, 1892, Temple and Spear made a deed for the land to Hughes, which was recorded on the 7th day of October, 1893. The deed was authenticated for record by the following certificate:

" 'The State of Texas, County of Franklin. Before me, R. W. Holbrook, clerk of the District Court in and for the county of Franklin, in the State of Texas, on this day personally appeared S. M. Spear

and A. M. Temple, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"'Given under my hand and seal of office this 8th day of September, A. D. 1892.　　　　　　　'R. W. Holbrook, Clerk Dist. F. C. Texas.'"

The fence around the large body of land was taken down, or fell down, and was destroyed to such an extent that persons could ride through it over the ground without perceiving that there was any fence enclosing the land. In April, or May, 1897, Hughes enclosed the land in controversy to itself under a wire fence, and took the exclusive, actual and visible possession of the land and continued to use and enjoy it up to the time of the filing of this suit. Hughes paid all taxes on the land since 1892.

The trial court entered judgment against Hughes holding that the certificate to the deed was not sufficient to authorize the recording of that instrument and therefore that it would not support the statute of limitation of five years. The Court of Civil Appeals affirmed the decision of the trial court.

If from the language used by the officer in making his certificate of authentication, it appears that the law was substantially complied with, the certificate must be sustained. (Belcher v. Weaver, 46 Texas, 293; Durst v. Daugherty, 81 Texas, 650; Belbaze v. Ratto, 69 Texas, 636; Musgrove v. Bonser, 5 Ore., 313, 20 Am. Rep., 737.)

It is a sound rule for construction of instruments and statutes that where an improper word has been used, or a word has been omitted, if, from the context, the court can ascertain what word should have been used, then it will supply the word omitted, or strike out the word improperly used. (Sutherland's Stat. Const., sec. 260; Belbaze v. Ratto, above cited; Belcher v. Weaver, above cited.)

In the case of Belcher v. Weaver, the officer in taking the acknowledgment of a married woman used this language: ". . . and that she does not wish to *contract* the same." This court in passing upon the sufficiency of the certificate determined from the context that the word intended to be used was "retract" instead of "contract," and accordingly struck out the word "contract" and supplied the word "retract," thereby making the certificate express the real meaning and intent of the officer.

In the case of Belbaze v. Ratto, the officer began his certificate in these words: "I, P. S. Wren, county clerk in and for Galveston County, on this day personally appeared J. L. Belbaze." It was apparent that the pronoun "I" was improperly used, and that the words, "before me," were omitted, and the court, in order to sustain the acknowledgment, eliminated the pronoun "I," and supplied the words, "before me." Keeping in view this rule of construction, we will analyze the certificate to ascertain wherein the defect lies, and whether or not it can be cured by the observance of proper rules of construction.

Spear and Temple each separately executed the deed and each appeared before the officer and, from the circumstances and the language of the certificate, each acknowledged that he executed the deed for the purposes and consideration therein expressed. The language of the certificate must mean that the acknowledgment was by each of them because it was an act which could not be done jointly. Both of them did acknowledge the execution of the instrument according to the terms of the certificate and that acknowledgment being an act of each individual must necessarily have been made by each one separately. If, therefore, in accordance with the rule of construction above stated, we supply the word, "each," so as to read thus: "On this day personally appeared S. M. Spear and A. M. Temple, known to me to be the persons whose names are subscribed to the foregoing instrument, and each *acknowledged* to me that he executed the same," etc., the meaning of the certificate will be fully expressed and it will be in entire harmony with all the circumstances and the facts connected with the transaction.

Reliance is placed upon the case of Huff v. Webb, 64 Texas, 284. It is not necessary for us to approve or disapprove of that decision, but conceding that it is sound, it is distinguishable from the present case. In that case there was no pronoun used by which to show that any person connected with it acknowledged that he had signed the instrument. In this case the certificate is complete except the omission of the word, "each," which is implied, for the statement that two persons did an act which could not be done by joint action necessarily implies that each did it for himself. Counsel also cite the case of Threadgill v. Bickerstaff, 7 Texas Civ. App., 406, which is exactly in point with the case that we are now considering. Writ of error was granted to that case by this court, but in the decision of the case this court declined to pass upon the question of the validity of that certificate for the reason that it became immaterial to a decision of the case.

We conclude that the certificate was sufficient to authorize the record of the deed and that the deed was properly recorded. Upon this conclusion it becomes our duty to enter such judgment as the trial court should have entered upon the facts found.

The deed from Spear and Temple to Hughes having been admitted in evidence and it appearing from the findings of the trial court that it was duly recorded and that Hughes had had actual and exclusive possession of the land, claiming it as his own and paying taxes upon it for more than five years before the institution of this suit, the plaintiffs' right of recovery was barred by the statute of limitation of five years. It is therefore ordered that the judgment of the District Court and that of the Court of Civil Appeals be reversed and that the defendants in error take nothing by their suit and that Hughes, the plaintiff in error, go hence without day and recover of the defendants in error all costs of all of the courts.

*Reversed and rendered.*