## Hanna v. Mosher *et al.*

No. 2138, Okla. T.   Opinion Filed November 12, 1908.

(98 Pac. 358.)

1.   SUBSCRIPTIONS—Railroad Bonus Note—Defenses. A railroad bonus note recited that it was executed in consideration of benefits accruing to the maker from the construction of a railroad over the route as then located by the permanent survey. It also contained the following sentence: "If the road is not constructed and trains running into the city of E. on or before December 1. 1903, this note to be null and void." The permanent survey referred to in the note did not enter said city, but formed a junction with another railroad about one or two miles from the city limits, and entered said city, over the tracks of the railroad with which it formed a junction. **Held,** that the railrway company was not required by the provisions of the note to build its road into said city.

2.   TRIAL—Direction of Verdict. It is error to direct a verdict against the plaintiff, when there is evidence fairly tending to support all the necessary averments of his petition entitling him to recover.

(Syllabus by the Court.)

*Error from District Court, Pawnee County.*

Action by H. C. Hanna against George L. Mosher and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

This action was originally brought in the probate court of Pawnee county to recover on a certain bonus note given to the Arkansas Valley & Western Railway · Company by the defendant George L. Mosher, which note had been indorsed and assigned by the payee and had become the property of plaintiff, H. C. Hanna. The case was tried to a jury in the probate court, and resulted in a verdict for the plaintiff. Defendant appealed. Upon trial of the case in the district court of Pawnee county, the court, after evidence had been introduced by both parties, upon motion of the defendant, directed the jury to return a verdict for the defendant, on which verdict judgment was rendered, and the case was appealed by plaintiff to the Supreme Court of the territory of Oklahoma, where it was pending at the time of the admission of the state.

*Poe, Biddison, Campbell & Eagleton,* for plaintiff in error.

HAYES, J. (after stating the facts as above.) The note sued on is in the following words:

"$250.00. Enid, O. T., August 5, 1902. For value received and in consideration of benefits accruing to me from the construction of the Arkansas Valley & Western Railway over the route as now located by the permanent survey I promise to pay to the order of the Arkansas Valley & Western Railway Company at the Bank of Enid, O. T., the sum of two hundred and fifty dollars; said amount to be due and payable when said line of railroad is constructed and when trains are running into the city of Enid, Oklahoma. If the road is not constructed and trains running into the city of Enid on or before December 1, 1903, this note to be null and void. [Signed] George L. Mosher."

Plaintiff alleges in his petition that the Arkansas Valley & Western Railway Company had complied with all the conditions of said note, and had constructed its line of railroad over the route as located by the permanent survey in existence at the time said note was executed, and that it ran trains into the city of Enid before the 1st day of December, 1903. Defendant by his amended answer made general denial of the allegations of plaintiff's peti-

tion.   He denied that the railway company had complied with the conditions of the note, both in that said company had not prior to the 1st day of December, 1903, or at any other time constructed its road into the city of Enid, and in that it had not run its trains into the city of Enid before the 1st day of December, 1903.   He further pleaded that certain misrepresentations had been made by the soliciting committee, who induced him to execute and deliver the note sued upon, and that he was induced to execute and deliver said note by reason of such false representations; that the railroad company had prior to the execution of said note contracted to build said road as provided in the note, that the note was therefore without consideration.   No proof, however, was offered in support of these allegations.

The note is non-negotiable, and therefore subject in the hands of plaintiff to all the defenses that it would have been subject to if it had remained in the hands of the original payee.   The execution and indorsement of the note was admitted at the trial.   It is also admitted that the railway company has never constructed its line of railway into the city of Enid, and that it has never run trains over its own track into said city.   But the evidence without contradiction is that said railway company constructed its line of railroad from a point near Tulsa, Ind. T., over the route that had been located by the permanent survey made prior to the execution and delivery of the note sued upon to a point on the Blackwell, Enid & Southwestern Railroad between one and two miles northeast from the city of Enid.   The Arkansas Valley & Western Railway Company completed its line to said point and connected with the Blackwell, Enid & Southwestern Railroad  Company's  line during the latter part of the year 1903, and ran trains over said line of railway to said junction, and from said junction over the line of the Blackwell, Enid & Southwestern into the city of Enid during the month of December, 1903, but the evidence is very conflicting as to whether any trains ran into the city of Enid by the 1st day of December, 1903.

No brief has been filed by defendant in error, and we have

been compelled to consider this case without the benefit of suggestions from him as to the theory upon which the trial court decided to direct the jury to return a verdict for him. It appears from the record, and from the brief of plaintiff in error, that the court construed the provision of the note to be that the Arkansas Valley & Western Railway Company was required to build its line of railway into the city of Enid, and to run its trains over its own road into the city of Enid by the 1st day of December, 1903, and that failure to do so rendered the note null and void. It is contended by plaintiff in error that this construction of the provisions of the note was error. In the first sentence of the note it is recited that the consideration that moves the maker to execute the same is the benefit accruing to him from the construction of the Arkansas Valley & Western Railroad over the route as then located by the permanent survey, and that said note "shall be due and payable when the line of railroad is constructed and when trains are running into the city of Enid." The note does not describe the permanent survey that had then been located, and we are forced to rely upon evidence not disclosed by the terms of the note as to where the permanent survey then made was located. The uncontradicted evidence is that only one permanent survey had been made before the execution of the note, and that it did not extend into the city, but connected with the Blackwell, Enid & Southwestern Railroad Company's line at the point hereinbefore described, called "Steen's Junction." If the note had been concluded with the first sentence, there could be no contention that anything further was required of the Arkansas Valley & Western Railway Company than to build its line over said route as located by said survey to Steen's Junction and to run its trains into the city of Enid. If the railroad company was required by the terms of the note to build its road into the city of Enid and to run its trains on its own road into the city of Enid by December 1, 1903, such requirement must be effected by the last sentence of the note, which reads: "If the road is not constructed

and trains running into the city of Enid on or before December 1, 1903, this note to be null and void." In order for this clause in the note to require the railway company to construct its railroad into the city of Enid, it must be construed to read "if the road is not constructed into the city of Enid, and trains running road into the city of Enid, it must be construed to read "if the to be null and void"; but, if we construe this sentence in connection with the entire contract, as it should be, we do not believe that such meaning was intended by the parties to the contract, or that such meaning is conveyed by the language used therein. Evidently the road referred to in this sentence is the same road referred to in the first sentence of the note, and the road referred to in the first sentence of the note was the road that was to be built upon the permanent survey that had then been located, and the permanent survey did not contemplate the building of the road into the city of Enid, but that the city should be reached by the Arkansas Valley & Western Railway Company's line, forming a junction with the Blackwell, Enid & Southwestern Railroad Company's line at Steen's Junction. To contrue the last sentence as providing that the road should be built into the city of Enid is to give it a meaning that places upon the railroad an obligation in direct conflict with that placed upon it by the first sentence of the note, for by the first sentence, it is required to build the road upon the route located by the permanent survey, but this it could not do if it complied with the provisions of the last sentence construed as requiring it to build into the city.

In arriving at the intention of the parties to a contract, the whole contract should be read and construed together, and, if possible, each and every part thereof be made effective. If the last sentence is construed to require the company to build its road into the city of Enid, then the first sentence in the note cannot be given force and effect, for the reason that the road the building of which was to be the consideration for the execution of the note was to be built upon the permanent survey then made, which

formed a junction with the other railroad company's line at a point outside the city of Enid. Construing the entire contract together and not any particular part of it alone, the intention of the parties appears to us to have been to contract that the road should be built by the company on its permanent survey by December 1, 1903, and that the trains should be run into the city of Enid on or before said date. It is true the evidence does not disclose whether the defendant at the time he executed the note had actual knowledge of the location of the permanent survey that had already been made, and that it terminated at said junction; but, since he contracted with reference to said permanent survey and stipulated that the road should be built thereon, the presumption is that he had knowledge of such survey. The railroad company did build its line over said permanent survey and formed a junction with the Blackwell, Enid & Southwestern Railroad Company's line at said point and ran its trains into the city of Enid during the month of December, 1903. The exact time of the completion of the road, however, and the date on which it first ran its trains into the city, are matters about which the evidence is very conflicting, but there is evidence that fairly tends to prove that the railroad company constructed its road in accordance with the contract. We cannot say, and it is not for us to say, that the preponderance of the evidence upon these issues was in favor of plaintiff; but there is evidence that fairly tends to prove that the railroad company constructed the road in accordance with its contract and ran its trains into the city within the time provided in the note, and the credibility of the witnesses and the weight of the evidence were questions for the jury. When a motion is made to direct a verdict, the sole question is whether, admitting the truth of all the evidence in favor of the party against whom the same is made, together with such conclusions as can reasonably be drawn from it, there is evidence reasonably tending to support the verdict the jury might render in favor of such party. *Baker v. Nichols & Shephard Co.,* 10 Okla.

685, 65 Pac. 100. There is evidence fairly tending to establish all the necessary averments of plaintiff's petition entitling him to recover, and it was error for the court to direct a verdict against him.

The cause is reversed and remanded.

All the Justices concur.