[Civ. No. 7103: Second Appellate District, Division Two.—June 9, 1932.]

FRANK KALTENBERGER, Appellant, v. ALEXANDER HOTEL COMPANY (a Corporation), Respondent; ASSOCIATED INDEMNITY CORPORATION, Intervener.

Morris Abraham and Charles I. Rosin for Appellant.

Denio, Hart, Taubman & Simpson and Matthew C. Simpson for Respondent.

WORKS, P. J.—One of the provisions of rule VIII of the rules of this court reads: "The briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented." We interpret the latter clause of this portion of the rule to refer to legal questions, for our courts of review deal only, on appeal, with questions of that nature.

There is not one heading in the opening brief of appellant in the present case—and there is no reply brief—which states any "question to be presented on the appeal". A small portion of the brief is headed, "Statement of Facts", and below the heading we are informed that the appeal is based upon the ground that the instructions are inconsistent and erroneous. The remainder of the brief is split into parts, each of which is headed merely by a letter of the alphabet, in capitals. These run from "A" to "P", inclusive. The matter following next after "A" is fairly representative of that coming after the other letters. That matter is now set forth: "The first instruction that appellant objects to is that part of the instruction on page 321 of the Reporter's Transcript, beginning at line 20, reading as follows," the "part" referred to then being set forth. This matter below "A" is in the type of the general text of the brief. In appearance it is no part of the heading, and even if, by a stretch of the imagination, it were to be so considered, it fails to state upon what legal ground appellant objects. In short, to repeat, it states no "question to be presented".

Immediately below the language already quoted from rule VIII the following occurs: "For a failure to observe this rule the court may, of its own motion, . . . strike out the brief, or, for the failure of the appellant, dismiss the appeal."

Appellant in the present case shows us a flagrant violation of the rule as to headings and he must suffer the extreme penalty. The frequency with which this and other parts of rule VIII are infringed still continues tiresome to the court. The rule is a just although a severe

one, and it is designed, among other attempts which have been made in the last few years, to speed the administration of justice. It became effective in September of 1928, nearly four years ago, but this court, for a considerable portion of the period and because many members of the profession seem to be under a disability to study rules of court, has been lax in the enforcement of it. A year ago, or thereabouts, we rendered several opinions which plainly exhibited an intention to enforce the rule vigorously, for the reason that the profession had been allowed ample time to become familiar with its provisions. The infractions of the rule are even now far too frequent. As these words are being written another justice of the court is doing the same kind of labor in another case.

It is to be hoped that the members of the profession will understand and pass the word among themselves that in these matters there is to be no mere swishing of the birch, but a sturdy application of it.

As to briefs now on file in other cases, the court will gladly entertain applications for leave to supply missing headings by interlineation or otherwise, and to rectify violations of other portions of rule VIII, before such cases are placed on calendar. After that event the day of redemption is past.

Appeal dismissed.

Craig, J., and Thompson (Ira F.), J., concurred.