[Civ. No. 8613. First Appellate District Division Two.—April 25, 1933.]

J. CURRIER, Respondent, v. OAKLAND ASSOCIATION (a Corporation), Appellant.

Preston Higgins and A. D. Ericksen for Appellant.

Philip O. Solon, Wm. H. Hollander and I. Richard Gladstein for Respondent.

SPENCE, Acting P. J.—Plaintiff, as assignee of William H. Hollander, brought this action against defendant Oakland

Association, a corporation, also known as the Oakland Base Ball Club, to recover the sum of $1500 as the alleged reasonable value of the services of plaintiff's assignor in negotiating the "sale" for the sum of $15,000 of "Buzz" Arlett, a baseball player under contract with defendant, to the Philadelphia national league club. From a judgment in favor of plaintiff, defendant appeals.

In examining appellant's opening brief we find that there are no headings "showing the nature of the question to be presented or the point to be made" as required by section 2 of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal. The only headings are "Statement of the case", "Argument", "The law", "Evidence", "Summary of evidence" and "Conclusion". These headings are insufficient to comply with the rule and we again call attention to the penalties which may be imposed for failure to meet the requirements. (Sec. 4 of said Rule VIII; *Herlihy* v. *Ward*, 129 Cal. App. 434 [18 Pac. (2d) 992]; *Landa* v. *Steinberg*, 126 Cal. App. 324 [14 Pac. (2d) 532]; *Frank Graves Sash, Door & Mill Co.* v. *Keener*, 127 Cal. App. 410 [16 Pac. (2d) 195]; *Skipitarey* v. *Fitts*, 128 Cal. App. 191 [17 Pac. (2d) 159]; *Milano* v. *Bulleri*, 125 Cal. App. 72 [13 Pac. (2d) 521]; *Kaltenberger* v. *Alexander Hotel Co.*, 124 Cal. App. 198 [12 Pac. (2d) 59].)

We have, however, examined the briefs and the record herein. It appears that plaintiff's assignor had been a professional baseball player, having played with the Oakland Club and certain clubs in the eastern states, and that he thereafter acted as agent for the St. Louis national club on the Pacific coast. In 1930 he had an oral agreement with the defendant, confirmed by letter, whereby he was to receive from defendant the sum of $350 for any player recommended to defendant by him provided the player "made good" with defendant. In January of 1931, Carl Zamloch, the playing manager of defendant, went to plaintiff's assignor and told him that the defendant club had been trying to sell Arlett and had "exhausted all efforts to sell him to major league clubs". He stated that they had been offered $5,000 by the San Francisco club, but that they did not desire to sell him to any club in the Pacific coast league "for if they did and he made good, he would make a goat out of them". Zamloch asked plaintiff's assignor if he knew

any club that might be interested and received an affirmative reply. Plaintiff's assignor refused to disclose any information in this regard unless authorized to sell Arlett, whereupon Zamloch said, "You have the authorization right now". Plaintiff's assignor then assured Zamloch that he would "get busy" and a series of telegrams thereafter passed between plaintiff's assignor and the Philadelphia national league baseball club. The telegrams sent by plaintiff's assignor contained information requested by the Philadelphia club, which information was furnished to plaintiff's assignor by Zamloch and also contained information regarding price and terms of the proposed sale. On January 26, 1931, the manager of the Philadelphia club wired to the defendant referring to the negotiations with plaintiff's assignor who "says he is authorized by manager Zamloch to do business" and stating, "If this is an order we hereby accept proposition. Wire confirmation." To this telegram defendant replied by wire the same day, "Terms for Arlett accepted." Thereafter the sale was consummated and defendant received the sum of $15,000 as agreed. It is undisputed that the entire negotiations were handled by plaintiff's assignor. The president of the defendant corporation testified on cross-examination, "We did nothing in as much as you were handling it." Referring to the sending of the final telegram this witness stated, "That is all we did. We left everything to you." The word "you" found in the foregoing testimony referred to plaintiff's assignor, who was then conducting the cross-examination of the witness. After certain preliminary questions qualifying plaintiff's assignor to give his opinion regarding the reasonable value of the services rendered, he testified that the reasonable value thereof was $1500. No testimony to the contrary was offered on the subject of the reasonable value of said services.

It appears from appellant's briefs that the attack is directed at the alleged insufficiency of the evidence but in our opinion the foregoing evidence amply supports the findings and judgment. Upon the trial, appellant contended that Zamloch was merely the "playing manager" or "field manager" of defendant and not the "manager" and further contended that said Zamloch had no authority to bind appellant. The trial court so found, but further found upon competent evidence that appellant "with full knowledge of

the facts and circumstances, ratified and confirmed the acts and conduct of said William H. Hollander and the authority delegated to him by said Carl Zamloch'' and ''subsequently thereto accepted the benefits of said transaction . . . '' Appellants also call our attention to certain testimony in the record tending to support appellant's further claims as follows: First, that respondent's assignor was not authorized by Zamloch to send any telegrams; second, that in a subsequent telephone conversation during the negotiations, Zamloch told respondent's assignor, ''If this deal should happen to go through, there is nothing in it for you''; and third, that it was not the custom of minor league clubs to compensate agents for sales of players. All that need be said regarding these claims is that there was a direct conflict in the evidence concerning each of them.

We find no error in the record and accordingly the judgment is affirmed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.