[S. F. No. 14764. In Bank.—May 25, 1933.]

MARY ELIZABETH CUNNYNGHAM, Appellant, v. MASON–McDUFFIE COMPANY, INC. (a Corporation), as Trustee, etc., et al., Respondents.

H. H. McPike for Appellant.

Harrison S. Robinson, Harry L. Price, R. W. MacDonald and J. S. Hutchinson for Respondents.

SPENCE, J., *pro tem.*—Plaintiff brought this action for the cancellation of a certain deed of trust executed by plaintiff and her husband to defendant Mason-McDuffie Co., Inc., as trustee for defendant Berkeley Guarantee Building and Loan Association. From a judgment in favor of defendants, plaintiff appeals.

Plaintiff and her husband acquired the property involved and plaintiff declared a homestead thereon in 1928. They executed a deed of trust on said property in 1929 as security for a note in favor of the Oakland Bank in the sum of $3,000. In 1930, they apparently needed additional funds and defendant Berkeley Guarantee Building and Loan Association agreed with plaintiff's husband to loan $3,750 on the property. A note in that sum and a deed of trust to secure the same were prepared by said defendant for execution by plaintiff and her husband. These instruments were dated June 11, 1930, and plaintiff and her husband were both named as the trustors in the deed of trust as follows: ''Mary E. Cunnyngham, also known as Mary Elizabeth Cunnyngham, and J. R. Cunnyngham, also known as James

R. Cunnyngham, her husband." On said June 11, 1930, the husband visited the office of defendants and signed the note and deed of trust and acknowledged his signature before Miss Douglas, a notary public, who was the escrow clerk of the defendants. Plaintiff was in Portland, Oregon, at the time and Miss Douglas and plaintiff's husband discussed the question of whether Miss Douglas or plaintiff's husband would send the note and deed of trust to plaintiff for the purpose of execution. It was finally determined that plaintiff's husband would do so. Miss Douglas thereupon attached to the deed of trust a California form of acknowledgment for the convenience of the Oregon notary and then handed the instruments to plaintiff's husband. The latter forwarded them to plaintiff and pursuant to his request, plaintiff signed them on June 12, 1930, acknowledged her signature before a notary public in Portland and sent them by mail addressed to the Building and Loan Association. In consummating the transaction defendants caused the existing encumbrance to be paid off and issued a check payable to plaintiff and her husband for the balance due after deducting the loan expense. Plaintiff's husband indorsed his own name and that of plaintiff upon said check and deposited it in their joint bank account. Contrary to the claims of plaintiff, the trial court found and concluded "that said deed of trust was jointly and concurrently executed and delivered by plaintiff and her said husband" and that said deed of trust was valid.

Appellant has filed three briefs in this court. In "Appellant's Opening Brief" we find the following headings: "Statement of the Case", "Delivery", "Admissions of Answer", "Findings of Fact", "Conclusion of Law", "Acknowledgment", "Certificate of Acknowledgment" and "Motion to Strike Out". In "Appellant's Reply Brief" there are no headings whatever. In "Appellant's Closing Argument", we find but one heading as follows: "One other word regarding delivery". There is not a single heading in any of these briefs showing "the nature of the question to be presented or the point to be made" as required by Rule VIII of the Rules for the Supreme Court and District Courts of Appeal. This rule has been in effect for many years and its requirements have been repeatedly called to the attention of the members of the bar. We mention but a few

of the more recent cases in which it has been discussed. (*Currier* v. *Oakland Assn.*, 131 Cal. App. 371 [21 Pac. (2d) 462]; *Herlihy* v. *Ward*, 129 Cal. App. 434 [18 Pac. (2d) 992]; *Landa* v. *Steinberg*, 126 Cal. App. 324 [14 Pac. (2d) 532]; *Frank Graves Sash, Door & Mill Co.* v. *Keener*, 127 Cal. App. 410 [16 Pac. (2d) 195]; *Skipitarey* v. *Fitts*, 128 Cal. App. 191 [17 Pac. (2d) 159]; *Milano* v. *Bulleri*, 125 Cal. App. 72 [13 Pac. (2d) 521]; *Kaltenberger* v. *Alexander Hotel Co.*, 124 Cal. App. 198 [12 Pac. (2d) 59].) Failure to comply with the provisions of the rule places an undue burden upon the court and also upon opposing counsel, and unless the rule is observed, it will become necessary for the courts to impose the penalties provided in all cases where the rule is violated. (Sec. 4 of said Rule VIII.)

Despite the failure to observe the rule, we have examined the briefs herein and it appears that appellant's main contentions are based upon the manner in which said deed of trust was executed. Section 1242 of the Civil Code provides: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife." There appears to be no doubt that the deed of trust in question was executed and acknowledged by both husband and wife as required by said section, but appellant places a strained construction upon certain language used by this court in *Hart* v. *Church*, 126 Cal. 471 [58 Pac. 910, 59 Pac. 296, 77 Am. St. Rep. 195], and then concludes that the deed of trust is invalid. The decision in that case is not in point. There the wife alone executed and acknowledged a mortgage on the homestead and it was immediately delivered and recorded. About five months later the husband signed and acknowledged a separate writing on the same instrument, which stated, "I, . . . join and concur in the foregoing mortgage . . . " He then delivered it to the mortgagee, who again recorded the instrument. The mortgage was held to be invalid. The court there reviewed the earlier decisions and summarized on page 477 of the opinion by saying, "We have been at pains thus to quote from the decisions of this court to show that uniformly and without any conflict the statute and the code, though not using the term 'jointly' or 'concurrently', have been construed to mean that the homestead cannot be alienated or

encumbered by separate instruments separately executed by the husband and wife, and that *it can only be alienated or encumbered by the joint and concurrent execution of the instrument by the two.*" (Italics ours.) Stressing the italicized language, appellant contends that there was no "joint and concurrent execution" of the deed of trust by the husband and wife in the present case. In our opinion this contention is without merit. (*Mid-West Lumber Co.* v. *Wagner,* 133 Kan. 405 [300 Pac. 1067]; *Ferguson* v. *Nuttleman,* 110 Kan. 718 [205 Pac. 365]; *Bell* v. *Slasor,* 8 Kan. App. 669 [57 Pac. 139]; *Harlow* v. *Larson,* 204 Iowa, 328 [213 N. W. 417].) The facts in *Ferguson* v. *Nuttleman, supra,* are somewhat similar. The court there said at page 366, "Did Fred Nuttleman and Rose Nuttleman concurrently consent to the mortgage? Fred Nuttleman continuously consented to it from the time he signed it until it was delivered. He by letter requested his wife to sign it, and she expressed her consent to it by signing it and returning it to him. There was thus the concurring consent of both. The mortgage was delivered by the husband under that joint or concurring consent."

There is nothing in section 1242 of the Civil Code nor in the decisions construing the same which requires that the instrument conveying or encumbering the homestead be signed by the husband and wife at the same time and place or that it be acknowledged by them before the same notary public. We believe it entirely sufficient if, prior to delivery, both husband and wife sign and acknowledge a single instrument, joint in form, intending such instrument to be the joint instrument of both and thereafter one of the spouses delivers the instrument with the express or implied consent of the other. There was ample evidence in the present case to show that the deed of trust was so signed, acknowledged and delivered and said evidence supports the trial court's findings and conclusions above set forth.

Appellant appears to make the further contention that the certificate of acknowledgment relating to the execution by the husband was defective. This contention is based upon the fact that the notary taking the husband's acknowledgment signed a form reading, " . . . acknowledged to me that *they* executed the same". (Italics ours.) The use of the word "they" instead of the word "he" in said certifi-

cate was obviously a mere inadvertence or typographical error and appellant's objection is wholly without merit. (*McCardia* v. *Billings*, 10 N. D. 373 [87 N. W. 1008, 88 Am. St. Rep. 729]; *Trerise* v. *Bottego*, 32 Mont. 244 [79 Pac. 1057, 108 Am. St. Rep. 521]; *Hughes* v. *Wright & Vaughan*, 100 Tex. 511 [101 S. W. 789, 123 Am. St. Rep. 827, 11 L. R. A. (N. S.) 643]; *Durst* v. *Daugherty*, 81 Tex. 650 [17 S. W. 388].) █ Appellant further takes the position that as the notary in Berkeley, California, attached a form of California acknowledgment to the deed of trust, which form was used by the Oregon notary in taking appellant's acknowledgment, said acknowledgment was not therefore taken in compliance with section 1188 of the Civil Code. That section reads, "An officer taking the acknowledgment of an instrument must endorse thereon or attach thereto a certificate substantially in the forms hereinafter prescribed." The objection does not run to the form of the certificate but merely embraces the claim that the wrong person used the paste jar. The statement of the nature of the objection demonstrates that it requires no comment. Discussion of appellant's further contentions regarding the findings and the motion to strike out would serve no useful purpose in view of our conclusions relating to the validity of said deed of trust.

The judgment is affirmed.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.