## WOODARD et al. v. FAIRBANKS.

No. 27969. May 17, 1938.

Rehearing Denied June 14, 1938.

John R. Woodard and F. V. Westhafer, pro se.

Clarence Campbell (W. J. Campbell, of counsel), for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Tulsa county, in an action brought by the plaintiffs in error to recover the sum of $447.64 as attorney's fees. For convenience said parties will be referred to herein as plaintiffs and defendant, respectively.

In 1930 the people of Tulsa voted bonds for certain public improvements, including street-widening projects, affecting private property, including that of the defendant. By 1932, some $400,000 was left, the improvements were not completed and the city commission determined to abandon further improvements and to use this money to pay old warrants not connected with the bond issues.

This action did not meet with the approval of citizens interested in seeing these improvements made, and they employed the plaintiffs to prevent such action and to force the city to proceed with the proposed improvements. An injunction suit and two mandamus actions were filed by the plaintiffs. The city was enjoined from misuse of the funds, but before the mandamus suits were tried the city agreed to proceed with the improvements.

After these services had been performed, and not having been paid for by the property owners benefited thereby, the plaintiffs proposed a plan whereby the property owners would pay them a percentage of the sale price of the property to be acquired by the city, as attorney's fees for the services rendered. Some 20 property owners signed the agreement, including the defendant, who set the sale price of his property at $9,500. The plaintiffs continued their efforts in behalf of the owners, and several deals with the city were closed. However, some of the owners, including the defendant, were unable to reach an agreement with the city as to the price to be paid for the property, and this necessitated the filing of condemnation proceedings against such owners by the city in order to acquire the property needed for the public improvements, and consequently delayed the construction of such improvements.

During their efforts in behalf of the interested property owners the plaintiffs served the city with a list of the property owners who signed the agreements and claimed a lien upon the property of the respective owners to secure their fees. The above-mentioned contract provided that the defendant would pay the plaintiffs 5 per cent. of the sale price of the property, and it contained a provision giving the city a 90-day option to purchase the property at said price. After the condemnation suit was filed the defendant voluntarily conveyed the property to the city for the sum of $8,953.36, but this was after the expiration of the 90-day period.

The defendant seeks to avoid the payment of any fee or commission to the plaintiffs on the ground that he had not contracted for the services of the attorneys to perform any legal services, but that the contract was merely an option to sell the city the property for the stated sum within the specified time, and he understood the 5 per cent. was a commission for selling the property for the amount and within the time stated, and that since the sale was not consummated within the strict terms of the optional contract, he was not indebted to the attorneys in any sum whatsoever.

The trial court took the view that the plaintiffs' action was based upon the above-mentioned contract, and that under the evidence introduced in the case, the plaintiffs had failed to show any right to recover under the contract, and upon that theory took the case from the jury and peremptorily instructed a verdict for the defendant and against the plaintiffs.

A careful examination of the petition will disclose that the plaintiffs did not plead the contract as the basis of their action, but merely as a fact along with other facts and circumstances showing that a contractual relationship existed between the parties, by which the plaintiffs performed the legal

services for the defendant and the defendant agreed to pay for such services on a percentage basis of the actual recovery and according to the benefits actually received by reason of such services.

The obvious purpose of the optional contract signed by this defendant and other property owners was to place in the hands of the municipality a formal offer as a basis for negotiations for the sale and purchase of the land for such improvements, which, of course, the city might accept or reject according to its own discretion in each particular case. The defendant wrote into this optional contract the price he wanted for his property, and he must have done so with full knowledge that the city had recourse under the law of eminent domain to acquire the property at a price determinable by legal procedure. There is nothing in the contract to indicate that the attorneys intended to waive their fees entirely if the sale was not consummated at the owner's price and within the time mentioned. The provision with reference to the 5 per cent. commission for the legal services performed and to be performed in connection with the matter was written into these contracts in order that the expense of the litigation might be equally distributed among the interested property owners according to the benefits received by each individual and as an assurance that no one would be compelled to bear more than his proportionate share.

The rule with reference to the peremptory instruction of a verdict is most simply stated in the case of Hanna v. Mosher et al., 22 Okla. 501, 98 P. 358, wherein the court said:

"It is error to direct a verdict against the plaintiff, when there is evidence fairly tending to support all the necessary averments of his petition entitling him to recover."

The trial court was obviously in error with reference to the optional contract being pleaded as the basis of the action, and by not permitting the jury to pass upon the evidence to determine whether or not the plaintiffs performed legal services for the defendant for which they would be entitled to recover. It is not for us to weigh the evidence and to say what the jury would or should have done had the issues of fact not been withdrawn from them, but it is within our province to hold that the evidence fairly tended to support the necessary averments of plaintiffs' petition and that the issues of fact should have been left with the jury for determination.

Attention is directed to the case of Hughes v. Woodard et al., 182 Okla. 372, 77 P.2d 685, recently decided by this court, which affirmed a judgment in favor of these plaintiffs and against one of the property owners similarly situated.

Judgment reversed and cause remanded for new trial.

BAYLESS, V. C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.