MELTON et al. v. SNEED et al.

No. 29170. Dec. 24, 1940.

Rehearing Denied Jan. 28, 1941.

*109 P. 2d 509.*

H. A. Ledbetter and H. E. Ledbetter, both of Ardmore, for plaintiffs in error.

M. W. Eddleman, of Oklahoma City, for defendants in error.

HURST, J. This case involves the question of the validity and effect of the following instrument:

"Know All Men by These Presents, That whereas, I, H. Melton, have this day employed Eddleman & Sneed a firm composed of A. Eddleman and R. R. Sneed, as my attorneys to represent me and take care of my interest in a certain case now pending in the District Court in Carter County, Oklahoma, same being numbered 5383, Wesley Lester and D. E. Booker, Plaintiffs vs. H. Melton, et al, Defendants, said action being a suit to recover

"The N½ of SE¼ and E½ of the SW¼ of Section 26, Township 2 South, Range 3 West, in Carter County, Oklahoma.

"Now, therefore, in consideration of the services rendered and to be rendered by the said A. Eddleman and R. R. Sneed, as my attorneys in said cause, I hereby sell, assign, transfer and con-

vey unto them the said A. Eddleman and R. R. Sneed, one-third (1/3) of all royalties, from oil, gas, or other minerals arising from or out of or produced upon the said above described lands.

"To have and to hold the same unto them the said A. Eddleman and R. R. Sneed, their heirs and assigns forever.

"And I, B. L. Melton, wife of the said H. Melton, hereby join in this conveyance.

"Witness our hands in duplicate this the 11th day of February, 1919.

> "H. Melton
> "B. L. Melton
> "Eddleman & Sneed
> "By R. R. Sneed."

The record discloses that the wife, B. L. Melton, executed the instrument two days after her husband did, but the husband was present when she executed it, and she executed it at his request. It was thereafter delivered to the grantees. The land constitutes the homestead of grantors, the legal title being in H. Melton. The grantors, as plaintiffs, instituted this action to quiet title as against the claims of said grantees. From a judgment decreeing that said instrument "is a valid conveyance of a one-third undivided interest in the mineral rights under the above-described land" the plaintiffs, H. Melton and B. L. Melton, appeal.

1. It is first contended that the conveyance is void because B. L. Melton, wife of H. Melton, is not named therein as grantor. This question requires a consideration of the requirements for a valid conveyance of the homestead.

Section 2, art. 12, of the state Constitution provides:

" * * * nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law. * * * "

This constitutional provision was vitalized by section 9661, O. S. 1931, 16 O. S. A. § 4, as follows:

" * * * No deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided."

Assuming, without deciding, that the spouse must be named in the deed as a grantor, as contended by the plaintiffs, we are of the opinion that Mrs. Melton is so named by the clause "and I, B. L. Melton, wife of H. Melton, hereby join in this conveyance." By this sentence she adopted the language of the deed as her own and with her husband became a grantor. Lowery v. Westheimer, 58 Okla. 560, 160 P. 496; Mardes v. Meyers (Tex. Civ. App.) 28 S.W. 693; 16 Am. Jur. 481; 18 C. J. 172; 4 Thompson on Real Property (Perm. Ed.) § 2970.

2. It is next contended that the instrument is invalid because the wife executed it two days after the husband did. The plaintiffs cite cases committing us to the rule that the homestead cannot be conveyed by separate instruments executed by the husband and the wife, but they cite none requiring the execution of the same instrument at the same time. To sustain the contention of the plaintiffs would do violence to the language of the statute (section 9661, supra) prescribing the manner in which the spouse shall give her consent to a conveyance of an interest in the homestead. Here the conveyance was "in writing and subscribed by both husband and wife" as required by the statute, and it is not material that it was executed at different times. It is sufficient that it was fully executed at the time it was delivered. See Bell v. Slasor, 8 Kan. App. 669, 57 P. 139; Cunnyngham v. Mason-McDuffie Co., 218 Cal. 196, 22 P. 2d 515; Harlow v. Larson, 204 Iowa, 328, 213 N. W. 417; Couch v. Capitol Bldg. & Loan Ass'n (Tenn.) 64 S. W. 340; Howes v. Burt, 130 Mass. 368.

3. It is next urged that the conveyance is void because it does not expressly convey the right of ingress and

egress. The plaintiffs rely upon Morgan v. McGee, 117 Okla. 212, 245 P. 888, which sustains their contention, while the defendants call our attention to Ramey v. Stephney, 70 Okla. 87, 173 P. 72; McKernon v. Josey Oil Co., 106 Okla. 100, 233 P. 451 (both decided before the Morgan Case, but not mentioned therein); Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362; and Meyers v. Central Natl. Bank of Okmulgee, 183 Okla. 231, 80 P. 2d 584. In the last-cited case this court referred to the Morgan Case, but refused to follow it, using this expression: "But see Morgan v. McGee." Our attention is also called to the fact that while the decision in Morgan v. McGee has been cited in Newbern v. Gould, 162 Okla. 82, 19 P. 2d 157, and Douglas v. Douglas, supra, it was not followed in either. In view of this conflict, it is our duty to re-examine the question and determine which line of authorities is the correct one.

An examination of the authorities from other states discloses that the rule laid down in Morgan v. McGee is not recognized. In Callahan v. Martin, 3 Cal. 2d 110, 43 P. 2d 788, 101 A. L. R. 871, the conflict between Morgan v. McGee and McKernon v. Josey Oil Co. was mentioned, and the California court refused to follow the former, saying that "one who grants a thing is presumed to grant also whatever is essential to its use. * * * The right of entry is an incident to the grant of an estate in the mineral rights." In Lovelace v. Southwestern Petroleum Co. (C.C.A.) 267 Fed. 513, it was said:

"We must also reject, as applied to this case, the proposition that the easements implied in a simple grant or reservation of minerals are not applicable to oil and gas."

In Campbell v. Schrock (Tex. Civ. App.) 10 S. W. 2d 165, similar language is used. In Tiffany on Real Property (2d Ed.) p. 1299, referring to solid minerals, it is said:

" * * * And so a conveyance of minerals in the soil is ordinarily regarded as giving the privilege of passing over the grantor's land in order to extract the minerals, and of constructing roads, tram and railway tracks to such an extent as may be necessary for this purpose, and such a conveyance, moreover, in order that it may be effective, ordinarily involves of necessity the privilege of sinking shafts through the surface of the land for the purpose of extracting the minerals. * * * "

We can see no good reason why this rule should not apply to a conveyance of oil and gas.

The cited authorities, and the decisions from this court relied on by the defendant above mentioned, are in harmony with general rules for construction of conveyances and reservations. In the absence of language indicating a contrary intent, a grant of such incidental rights as are essential to the full enjoyment of the property conveyed will be implied. 18 C. J. 294; 8 R. C. L. 1068; 16 Am. Jur. 602. Since oil and gas while in the earth are not subject to ownership distinct from the soil, it follows that all the landowner can convey is the right to develop and explore the land and take the oil and gas therefrom. Rich v. Doneghey, 71 Okla. 204, 177 P. 86. It being our duty to ascertain and carry out the intention of the parties (section 9460, O. S. 1931, 15 O. S. A. § 152; 18 C. J. 252; 16 Am. Jur. 531; Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377) and to adopt that construction, if it is possible to do so, that will render the conveyance valid (section 9467, O. S. 1931, 15 O. S. A. § 159; 18 C. J. 256; 8 R. C. L. 1049; 16 Am. Jur. 529), we must assume that the grantors intended to convey what they could legally convey, namely, the right of ingress and egress necessary to develop and remove the oil and gas, there being nothing in the instrument or circumstance indicating a contrary intention. This right is analogous to a way of necessity implied where the land of a grantor is entirely surrounded

by the land conveyed. 19 C. J. 924; 9 R. C. L. 768; 17 Am. Jur. 959.

The distinction made in Morgan v. McGee between the effect of a grant and a reservation of oil and gas is not supported by reason or authority (Lovelace v. Southwestern Petroleum Co., supra; Callahan v. Martin, supra), and the same is hereby overruled insofar as it is in conflict with this opinion. It follows that the right of ingress and egress for the purpose of exploring for and removing the oil and gas is implied in the conveyance in question.

4. Plaintiffs next assert that the trial court made a new contract between the parties when it held a conveyance of royalty to be a conveyance of mineral rights under their lands, and that this was in excess of the power of the court. This contention is based upon the strict construction of the word "royalty." Carroll v. Bowen, 180 Okla. 215, 68 P. 2d 773. But upon examination of the conveyance it is readily apparent that the word was not used in its strict sense, but in the broader sense referred to in Summers, Oil and Gas (Perm. Ed.) § 599, as denoting an interest in the minerals. That the word is frequently used in this state to denote an interest in the mineral rights is a matter of common knowledge. The conveyance in question here employed it in that sense. There is no reference therein to any lease, or to the royalty reserved thereunder, and the grant is expressly made perpetual. Burns v. Bastien, supra; Meyers v. Central Nat. Bank of Okmulgee, supra. The term as used is ambiguous (Carroll v. Bowen, supra), and the trial court properly admitted evidence to determine the intent of the parties. Wilson v. Olsen, 167 Okla. 527, 30 P. 2d 710. This evidence established the use of the term in its broad sense. Among other things it showed that the plaintiffs, in a pleading filed in 1936 in an action over an oil and gas lease on this land, alleged their ownership of only a two-thirds interest, and that in 1935, while negotiating for the sale of an oil and gas lease thereon, they asserted ownership only of such two-thirds interest, stating that Eddle-man and Sneed were the owners of the other one-third. The lease signed by plaintiffs as the result of such negotiations covered only a two-thirds interest. The trial court correctly held that the word "royalty" was used in the grant in its broader sense, as denoting one-third of the mineral rights, which would include the right to join in any lease thereafter made, and the right to demand and receive one-third of the bonus, rents, and royalties thereunder. Carroll v. Bowen, supra; Sykes v. Austin, 182 Okla. 299, 77 P. 2d 719. This construction obviated any necessity of reforming the deed, and gave full effect to the intention of the parties, in accord with the rule announced in Wilson v. Olsen, supra. Thus the trial court did not make a new contract between the parties, as contended by plaintiffs, but simply gave to the original contract that effect which the parties intended it to have at the time they entered into it.

What we have said above disposes of the questions presented by the fourth, fifth, and sixth contentions made by plaintiffs. As we view the case, the questions of limitation of actions to reform and of estoppel are not involved.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. RILEY and CORN, JJ., absent.