## SULLIVAN v. SYKES.

No. 12286—Opinion Filed Dec. 15, 1925.

Rehearing Denied Feb. 9, 1926.

(Syllabus.)

1. **Sunday—Validity of Contract — Ratification.**

The memorandum of agreement on which the present right of recovery is claimed by the plaintiff was executed by the parties sought to be bound, on Sunday, and check for $500 as part consideration was delivered to the defendant, and at his direction cashed for his benefit, on the succeeding day. The trial court held that this was a complete ratification of the contract, evidenced by the memorandum, and that the same was not invalid by reason of having been executed on Sunday. In this conclusion of law, we think the trial court was correct.

2. **Appeal and Error—Waiver of Error in Overruling Demurrer Raising Question of Statute of Frauds.**

The defendant filed a demurrer in the instant case to plaintiff's petition which was by the trial court overruled. This demurrer was sufficient to raise the question of the sufficiency of the memorandum of agreement to convey an interest in real property under the statute of frauds. The defendant, however, never saved the alleged error of the trial court in overruling the demurrer to the petition by a proper assignment in the petition in error, neither has he argued the same in his brief. Failure to do either operates as a waiver of the alleged error.

3. **Specific Performance—Judgment Sustained.**

Record in the instant case examined, and held, that none of the assignments presented by plaintiff in error can be sustained, and the judgment of the trial court is accordingly affirmed.

Error from District Court, Carter County; Cham. Jones, Assigned Judge.

Action by C. E. Sykes against C. F. Sullivan. Judgment for plaintiff, and defendant appeals. Affirmed.

Brown, Brown & Williams, for plaintiff in error.

Johnson & McGill, for defendant in error.

BRANSON, V. C. J. This action was in equity for specific performance of an alleged contract to convey an interest in real property, to wit, the oil and gas royalty in the land mentioned. C. E. Sykes instituted the action against C. F. Sullivan, and obtained the judgment prayed. Sullivan appeals, and the parties are referred to herein as plaintiff and defendant, as they bore this relation in the trial court.

The memorandum of contract pleaded by the plaintiff was executed on the 2nd day of June, 1919, which was Sunday. The consideration for the royalty interest agreed to be conveyed by the defendant to the plaintiff was $1,500, and check was delivered in part payment of the said $1,500 on the said date of the execution of the memorandum, which check was on the following morning, at the direction of the defendant, deposited in a bank in the city of Ardmore to the credit of the defendant. Later on, the remainder of the purchase price was deposited within the time agreed. On depositing the remainder of the money, the plaintiff demanded of the defendant that a proper conveyance be executed of the interest purchased, which conveyance the defendant refused to execute, resulting in the instant suit. In defense to plaintiff's petition, the defendant in his answer in effect said: That the contract was executed on Sunday, and therefore void; that it was procured by fraud, and—

"That even though he had signed the contract, and even though no fraud was used in procuring same, that the contract which the plaintiff has attached to his petition will not bear the construction placed on it by the plaintiff, but that said contract could only mean that the defendant sold to the plaintiff an undivided half interest in the royalty received by him in said oil and gas leases then existing and covering said land, and for the time said leases were to run by their own terms."

In this appeal the defendant seeks to reverse the judgment by arguing the assignments of error set out; which argument, epitomized, is, first, that the contract is void as being made on Sunday; second, that the defendant bound himself to convey the royalty reserved by the oil and gas leases on the land at the time of the contract; and third, that the contract was unenforceable as not being sufficiently definite to comply with the requirements of the statute of frauds.

There is no dispute that the memorandum was entered into on Sunday, but the trial court found from the evidence that the $500 check given in part payment was cashed on the direction of the defendant on Monday, and that this constituted a ratification of the memorandum executed by the defendant the preceding day. This, we think, strikes down the contention on this point, St. Louis & S. F. R. Co. v. Swearengen, 31 Okla. 785, 123 Pac. 1122.

The issue of fraud was found by the trial court against the defendant, and such finding is not clearly against the weight of the evidence.

On the contention raised by the answer that the memorandum of agreement was vague and indefinite, the trial court interpreted it as being one-half of the one-eighth royalty of the oil and gas arising from the land. We think this interpretation met the intention of the parties, and is correct.

The other contention made by the defendant which demands consideration, is that the memorandum was insufficient, in that it was too indefinite to meet the requirements of the statute of frauds. As to this contention, we deem it sufficient to say that the question of the statute of frauds was not raised in the trial of this cause, unless it be considered that the demurrer which was interposed to plaintiff's petition and by the trial court overruled, raised the sufficiency of the memorandum. But even if the demurrer did raise the question, there is no assignment of error found in the petition in error which raises the alleged error of the trial court in overruling the demurrer; neither is the alleged error of the trial court in overruling the demurrer to the petition argued by the plaintiff in error in his brief filed in this cause. Even had the assignments of error covered the same, failure to present the same clearly in the brief would constitute a waiver thereof. The question of the statute of frauds cannot be raised for the first time in this court. In the case of Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924, this court in effect held that where the statute of frauds is not raised as a defense in the trial court, it cannot be raised for the first time here.

We therefore reach the conclusion that on the questions presented to the trial court, and the alleged errors presented by the assignments of error and on which argument is made in the brief, cannot be sustained. The judgment of the trial court is affirmed.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, CLARK, HUNT, and RILEY, JJ., concur. HARRISON, J., absent and not participating.

Note.—See under (1) 37 Cyc. p. 567; anno. 4 L. R. A. (N. S.) 1151; 20 L. R. A. (N. S.) 86; 25 R. C. L. p. 1434; 4 R. C. L. Supp. p. 1632. (2) 3 C. J. pp. 1330, § 1462; 1413, § 1588. (3) 4 C. J. p. 1129, § 3122.