[Civ. No. 9000. First Appellate District, Division Two.—June 28, 1933.]

VERA ORKOW, Respondent, v. B. HARRISON ORKOW, Appellant.

Golden & Kaufman for Appellant.

Philip Cohen for Respondent.

NOURSE, P. J.—Plaintiff sued for an accounting under a written assignment. From a judgment in her favor the defendant has appealed upon typewritten transcripts.

Plaintiff and defendant were husband and wife. On September 1, 1926, while living together in the state of New York, the defendant executed and delivered to the plaintiff an assignment in these words:

"In consideration of moneys advanced to me by my wife Vera I hereby assign to her thirty-three and a third (33-⅓%) per cent. in all plays, novels, motion picture scenarios and stories now and hereafter written by me and any and all returns or money received by me.

"It is understood that this assignment is free of all considerations or differences or eventualities that may arise between the parties hereto in the event of separation.

"I do this that her future may be happier than her past and secure.

"(Signed) B. Harrison Orkow

"This makes any and all previous assignments invalid.

"B. H. O."

Thereafter the plaintiff sued in the state of New York for a divorce. She prayed for alimony but the decree, which was in her favor, did not award alimony and did not refer to the assignment. On August 11, 1930, plaintiff commenced this action in Los Angeles County. She alleged the execution of the agreement and that defendant had obtained considerable sums of money from the sale of plays, novels, motion picture scenarios and stories. On the trial the execution of the contract was proved along with the fact that for twenty-eight weeks defendant had been employed by Warner Brothers at a salary of $400 a week. The character of his employment was not shown and when he offered to prove that none of these earnings came from writing under the terms of the assignment his offer was rejected, the trial court ruling that the assignment covered all earnings from whatever source and for all future time.

The judgment must be reversed. ▮ So far as the assignment purported to transfer a portion of earnings not based upon present employment or an existing contract it was void. (Civ. Code, sec. 1045; 5 C. J., p. 871; 2 R. C. L., pp. 603, 604; *Walker* v. *Rich,* 79 Cal. App. 139, 144 [249 Pac. 56]; *Metcalf* v. *Kincaid,* 87 Iowa, 443 [54 N. W. 867, 869, 43 Am. St. Rep. 391]; *Billings* v. *O'Brien,* 45 How. Pr. (N. Y.) 392, 401; *Rodijkeit* v. *Andrews,* 74 Ohio St. 104 [77 N. E. 747, 6 Ann. Cas. 761, 5 L. R. A. (N. S.) 564, 567].)

The distinction between the two classes of cases and the elements necessary to support such an assignment are pointed

out in *Metcalf* v. *Kincaid, supra:* ''In the one an attempt is made to assign something which exists in expectancy only. In such a case it is apparent that there is nothing to assign. The expectancy may never become a reality. The earning of wages or the accumulation of property in such a case will depend on the ability of the assignor to procure employment in the future. There is no present employment which may reasonably be expected to result in the earning of wages. In the other class of cases one has entered into a contract or upon an employment whereby, in the ordinary course of events, wages will be earned or property acquired as the direct result of the contract, employment, or engagement. The true rule is that an assignment of wages to be earned is good if accepted, and if at the time it is made there is an existing engagement or employment by virtue of which wages are being, and in future may reasonably be expected to be, earned, even though there is no contract or fixed time of employment.''

We have found no departure from this general rule in any of the cases from New York. Cases cited by respondent involving assignments of proceeds from existing contracts or interests in claims to specific property are not helpful. The New York statutes do not touch upon the subject and, in the absence of any decision to the contrary, we may assume that the general rule was applicable in that state when the contract was made.

██ Such evidence as was received indicates that after the divorce the defendant came to California and entered an employment different from that in which he was engaged in New York; that his former efforts in writing had been unsuccessful and had brought him no returns after the assignment was made. The judgment carries a charge upon ''wages'' earned under a specific employment differing from that contemplated at the time the assignment was made, and apparently not in existence at that time. The plaintiff failed to prove a case under the assignment.

The judgment is reversed.

Sturtevant, J., and Ogden, J., *pro tem.,* concurred.