### SYKES et al. v. AUSTIN et al.

No. 27891. March 22, 1938.

Dolman, Dyer & Dolman, for plaintiffs in error.

Champion, Champion & Fischl, for defendants in error.

PHELPS, J. C. F. Sullivan owned a tract of land. It was subject to an oil and gas lease whereunder he was to receive the usual one-eighth of oil and gas produced and saved, as royalty. He made an agreement with C. E. Sykes, the present defendant, to sell Mr. Sykes one-half of said one-eighth royalty, and a short memorandum of the agreement was made in writing, Sullivan later to execute the formal conveyance. Sullivan then refused to perform the agreement, and an action for specific performance was brought against him by Sykes. Sykes was successful in said action, the trial court's judgment, as affirmed by this court on appeal, being that Sykes thereby became vested with "one-half of the one-eighth royalty of the oil and gas arising from the land." Sullivan v. Sykes, 114 Okla. 87, 243 P. 722, 723.

The oil and gas lease expired. Also, Sullivan conveyed his remaining title to plaintiffs. Sykes, plaintiff in the former action but defendant in this action, executed various mineral deeds to his codefendants whereby it was made to appear, and the defendants contend, that by the terms of the above judgment (plus the lapsing of the lease) the defendant Sykes became vested with an undivided one-half interest in all the oil and gas rights in the land, so as to en-

title defendants to share in the bonus and rental money given in consideration for any new lease which the plaintiffs, standing in the place of Sullivan, might attempt to execute. With the various purported mineral deeds of record, the plaintiffs were unable to lease their land for the development of oil and gas, and so they brought the present suit, in the nature of an action to quiet title, praying that they be decreed to be the owners of the land, with the exclusive rights to lease it and to receive the bonus money and delay rentals, and that the defendants be decreed to be entitled only to their undivided one-half of the one-eighth oil and gas royalty to become payable under any such oil or gas lease which plaintiffs may execute.

The trial court held for the plaintiffs, to the effect that the plaintiffs were the sole owners of the right to lease said land for oil and gas purposes, and to collect the bonus and rentals, reserving in said lease not less than the usual one-eighth royalty, and that of that one-eighth royalty the defendants should take half, but were not entitled, as a matter of right, to share in the bonus and delay rental money arising from any lease to be executed by the plaintiffs. The defendants appeal, contending that by the rule announced in Burns v. Bastien, 174 Okla. 40, 50 P.2d 377, and other cited decisions, they should have been decreed owners of an undivided one-half interest in all of the oil and gas rights pertaining to the land, including the right to share in bonus and rental money.

The case of Burns v. Bastien, supra, related to a reservation in a warranty deed wherein it was stated that the grantor reserved "an undivided three-fourths interest in and to all the royalties of oil and gas under and pertaining to said premises." It was held that such was a valid reservation of the oil and gas rights, including by implication the right of ingress and egress. But that such a situation is distinguishable from the right conveyed in the present case was clearly discussed and announced in the later decision of Carroll v. Bowen, 180 Okla. 215, 68 P.2d 773, wherein Burns v. Bastien was distinguished from that case. The provision quoted above, in the deed involved in Burns v. Bastien, did not make definite what fraction or portion of the produced oil was to be considered royalty, while the provision in the Carroll v. Bowen deed did state that the royalty was to be one-eighth. The dis-

tinction between the cases was then, in the Carroll Case, stated as being founded upon the fact that in Burns v. Bastien, the amount of oil constituting royalty not being described, the royalty owners would have to be made parties to the lease in order to determine what percentage of the production they would receive as royalty; that if they were parties to the lease, they would be in a position to exact a share of the bonus and rentals as their part of the consideration for the execution of the lease; but that the necessity for making them parties to the lease was therefore absent where the royalty conveyance instrument made definite and certain the amount of oil meant by the term "royalty" (as in the Carroll Case), in which latter case they would not be entitled to bonus or rental, in the absence of a stipulation to that effect. That the owner of a defined royalty interest, in the absence of a contrary stipulation, is not entitled to bonus or rental, is the general rule. As stated in Dixon v. Mapes, 181 Okla. 376, 73 P.2d 1131, 1132:

"A royalty is an agreed return paid for the oil, gas, and minerals, or either of them, reduced to possession and taken from the leased premises. Breeding v. Ritterhoff, 126 Okla. 225, 259 P. 227; Carroll v. Bowen, supra. Under these definitions a royalty does not include bonus or rentals."

We deem it unnecessary to quote from Carroll v. Bowen, supra. For a concise summary of the law on this question, see the concluding paragraph of that opinion. Though the question of admissibility of parol evidence to establish the exact amount of royalty intended was also involved in that opinion, the basic principle upon which the decision was founded is controlling in the instant case.

In Carroll v. Bowen, supra, wherein royalty owners were held not entitled to share in bonus and rentals, the language in the deed, including the parenthetic description, was as follows:

"An undivided one-half (½) interest in and to the Royalty (the ordinary ⅛ ordinarily left the grantor in oil and gas leases being the royalty above referred to) in the above land."

The judgment in Sullivan v. Sykes. supra, both as entered in the trial court and as affirmed by this court (see 114 Okla. 87, 243 P. 722), and which acted as the royalty conveyance in the instant case, was that Sykes received "one-half of the one-eighth royalty of the oil and gas arising from the land." Furthermore, at the time when defendant Sykes (former plaintiff) made the agreement with Sullivan (plaintiffs' grantor), the existing lease prescribed a one-eighth royalty. One-eighth, then, is what Sullivan was to receive as royalty, and he sold half of that to Sykes, the present defendant. We fail to see anything obscure or ambiguous about this. The amount of oil which was to constitute royalty was definite, coming clearly within the rule of Carroll v. Bowen, supra. If it was not the intention that the royalty was to be one-eighth of the oil produced, etc., then the words "one-eighth" in the above quotation have no meaning at all. The defendant Sykes took one-half of that one-eighth. The rights of his grantees are no greater than his.

Nor were there any words of conveyance of oil and gas "rights," in any form, in the judgment which acted as the conveyance in this case; so it is not plausible to treat the case under the rule in Wilson v. Olsen, 167 Okla. 527, 30 P.2d 710. No right became vested in defendant except to receive one-half of the one-eighth of the oil and gas, if, when and as produced, for clearly no conveyance of oil or gas in place (even if possible in this state) was attempted, nor were any mineral rights granted other than to share in the definite one-eighth royalty. There is no enjoyment of a defined royalty, as used in this sense, until and unless there is a production of that to which the royalty pertains.

Having held as above, it is manifest that we cannot agree with defendants in their contention that when the lease expired their interest then broadened to a one-half interest in all of the oil and gas rights pertaining to the land, on the theory that the owner of the fee had conveyed to defendant half of all that he had. He did not convey to defendant half of all that he had. He had a valuable reversionary interest, in case the lessee failed to develop, which he did not convey. He did not convey any of the corpus to defendant, nor any mineral right connected therewith, other than the right to receive "one-half of the one-eighth royalty of the oil and gas arising from the land" (to quote the judgment as affirmed by this court in Sullivan v. Sykes, 114 Okla. 87, 243 P. 722, 723). The principle that an instrument of conveyance will be construed most strongly against the grantor normally does not apply in those instances where the

instrument is so unambiguous that it needs no construction; it does not authorize the court to change the plain meaning of words.

It is observed that the judgment of the trial court in the instant case decreed that plaintiffs are the owners of the right to lease the land for oil and gas purposes, upon the usual form of oil and gas lease used in that community, "same to reserve not less than the usual one-eighth ($\frac{1}{8}$) royalty," etc., and that plaintiffs shall be owners of such royalty except that portion conveyed to the defendants as heretofore stated. This has the effect of preventing the plaintiffs from leasing the land for less than one-eighth royalty, and also is an adjudication that the lapsing or expiration of the former lease did not terminate the right of the defendants to share in royalty produced by operation of any new or subsequent lease. The correctness of that part of the judgment is neither questioned nor considered in this appeal.

The defendants also contend that the trial judge erred in permitting the petition in Sullivan v. Sykes, supra, to be introduced in evidence, for the purpose of explaining the judgment as recited in the journal entry in that case. But, assuming for purposes of reasoning that technically it was error so to do, yet it could not have resulted prejudicially unless it had the effect of varying the terms of the judgment, which effect it did not have. The judgment being unambiguous, and it having been given the construction and effect required by its simple terms, and the introduced language of defendant's former petition being in substance the same as that in the judgment, it then did not vary the terms of the judgment, and no substantial legal right of the defendants was affected.

The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.