## McCULLOUGH et al. v. BURKS et al.

### No. 28443.   Oct. 3, 1939.

John L. Gleason, of Oklahoma City, for plaintiffs in error.

S. H. King, of Blackwell, William H. Cline, of Newkirk, and A. L. Squire and Roy W. Cox, both of Blackwell, for defendants in error.

RILEY, J. This is an appeal from an order sustaining demurrers to the petition of plaintiffs in error, plaintiffs below, and a judgment of dismissal upon election of the plaintiffs to stand upon their petition as finally amended. (The appeal is by transcript. The pleadings, demurrers, orders, etc., cover some 200 or more typewritten pages, and are too long and complicated to set out in detail.) In substance, plaintiffs alleged:

That on and prior to April 14, 1924, plaintiffs, together with W. C. Noble, Ermine Noble, Loell Brammer, and Sherman Burns, were the owners of the S. E.¼ of sec. 5, township 28 N., range 1 W., in Kay county. (By explanation in the briefs, though not clearly shown in the pleadings, it appears that these parties inherited the land from S. B. Noble, deceased, who died in 1908.)

That said heirs, by three oil and gas leases executed in 1924, leased said land to the Comar Oil Company, which said leases by their terms were to run for five years and as long thereafter as oil and gas was produced from said land in paying quantities; that said oil company drilled six wells on said land, some of which produced oil and gas and others did not; that the Comar Oil Company later assigned to the Continental Oil Company and the Shell Petroleum Corporation.

That about 1929, the wells drilled upon said land ceased to produce oil or gas in paying quantities. That thereafter plaintiffs demanded that said land be further developed for oil and gas; that the owners of the oil and gas leases declined so to do; that after the execution of the oil and gas leases the owners of the land by several written instruments referred to as "royalty conveyances" conveyed to several different persons fractional interests in the oil and gas royalty, the material portions of which read substantially as follows:

"This indenture, made and entered into this 3rd day of August, 1925, by and between Grace O'Hara, and L. S. O'Hara, her husband, party of the first part, whether one or more, and W. V. Wright, party of the second part.

"Witnesseth: That the said party of the first part, in consideration of the sum of One ($1.00) Dollar and other valuable considerations, the receipts of which is hereby acknowledged, do hereby bargain, sell, grant, convey, transfer, assign and set over to second party, his heirs and assigns, an undivided Three-Two Hundred Sixteenths (3/216) interest in and to the oil and gas royalty, which is or may hereafter be reserved by said party of the first part or his assigns, exclusive of the oil and gas bonus and oil and gas rental money in and under the following described property situate in Kay County, State of Oklahoma, to wit: (Description)

"It is understood and agreed that the royalty interest herein above conveyed to said grantee runs for a period of Fifteen (15) years and as long thereafter as oil or gas or either of them is produced in paying quantities from said land and no longer.

"It is further understood and agreed that it is the intention that said grantee by this conveyance is to receive one barrel of oil out of each five hundred and seventy-six barrels of oil produced on said land and sold from said land, and the same proportionate interest in the gas produced and sold from said land.

"It is understood and agreed that said first party shall be entitled to have and receive all oil and gas bonuses and rentals from said land other than the royalty herein above described. That in the leasing of said land for oil and gas that the said second party shall not be a necessary party

to the leasing of said land and the said second party hereby authorizes the said party of the first part, their heirs and assigns, to lease said land for oil and gas purposes."

These instruments did not all convey the same fractional interest, but otherwise, except as to names of grantees, they are substantially the same.

The petition alleged demand for further development, refusal, etc. The prayer was for cancellation of the leases and to quiet title in plaintiffs as against the several outstanding "royalty conveyances."

After the action was commenced the owners of the oil and gas leases released the same and the action was dismissed as to them. Two of the defendants below, Viola Noble and Violet Noble, were owners of an interest in the land and were made parties defendant, but they filed answers and cross-petitions assailing the validity of the "royalty conveyances," and asked that their title be quieted as against the same. So the pleadings as finally joined involve only the rights of the various claimants under such conveyances.

Demurrers to the petition of plaintiffs and the cross-petition of defendants Viola Noble and Violet Noble were sustained. Plaintiffs and cross-petitioners elected to stand upon their pleadings, and judgment was entered against them. Plaintiffs appeal, and defendants Viola and Violet Noble appeal by separate petition in error.

The two petitions in error involve the same question, and the petitioners in error will be referred to hereinafter as plaintiffs.

The contention of the plaintiffs is that the so-called royalty conveyances were and are ineffectual to convey any interest whatever other than the right to share in the "royalty" reserved to the lessors under the leases which were in effect at the time said conveyances were executed.

Plaintiffs, in their brief, say that it is shown by the record and by stipulation that the owners of the land executed an oil and gas lease to another party which became effective after the release of the original oil and gas leases and that the subsequent lessee has gone upon the land and drilled other wells which are now producing oil and gas in paying quantities.

The contention of plaintiffs is that the "royalty conveyances do not convey mineral rights or an interest in the oil or gas running beyond the expiration of the original leases. That the grantees therein obtained no right to share in any oil or gas produced or to be produced unless the same was produced under the leases then in existence.

Defendants' contention is that, the 15-year term for which the royalty interest so conveyed was to run not having expired, they are entitled to share in any oil or gas that may be produced under any other lease executed within said 15-year period, not only during the balance of said 15-year period, but as long thereafter as oil · or gas is produced in paying quantities under such lease.

Plaintiffs cite Morgan v. McGee, 117 Okla. 212, 245 P. 888, and rely upon the rule there stated to the effect that an instrument which purports to convey "all the petroleum, oil, gas and other minerals on and under the surface" of a tract of land, without providing the right of ingress and egress or other easement to develop and extract oil and gas from the land, is ineffectual to grant or extend any right which the law recognizes. That is to say they rely partly upon the rule that there can be no such thing in this state as a sale and conveyance of the oil and gas in place in or under a given tract of land.

They also cite and rely upon Orkow v. Orkow (Cal. App.) 23 P.2d 781, and other similar cases which lay down the rule that a conveyance of benefits to accrue to the grantor under a contract to be executed in the future is ineffective and void. The rule relied upon is illustrated in the holding of the court in Orkow v. Orkow, supra, wherein it is held:

"Assignment by husband to wife of portion of earnings from writings, not based upon present employment or existing contract, held void."

But the instruments do not purport to be nor do they constitute sales of oil or gas in place, neither do they purport to be assignments of earnings not based upon present employment or existing contract.

Cases from other jurisdictions are cited by both parties, but as we view the law the rights of defendants are fixed and settled under the holding of this court in the cases of Sullivan v. Sykes, 114 Okla. 87, 243 P. 722; Sykes v. Austin, 182 Okla. 299, 77 P.2d 719; Carroll v. Bowen, 180 Okla. 215, 68 P.2d 773; Douglas v. Douglas, 176 Okla. 378, 56 P.2d 362, and cases therein cited.

Sullivan v. Sykes, supra, upholds a memorandum agreement for the sale of "one-half of the one-eighth royalty * * * arising from the land."

'Sykes v. Austin, supra, upholds the same conveyance as continuing in effect after the expiration of the oil and gas lease existing at the time that conveyance was executed, but refused to extend it so as to cover a greater interest.

The word "royalty," as used in the oil and gas industry, is defined in Carroll v. Bowen, supra, as being a share of the product or proceeds therefrom reserved by the owner for permitting another to use the property (the land). It is a form of income, issues, and profits from real estate, and as such is subject to sale.

The instruments in question clearly define the interest in and to the oil and gas royalty, and specifically provide just how much of the total production is to be allotted to each of the holders of these conveyances, and provides that grantees shall be entitled to receive their respective shares of such "royalty" which is or hereafter may be "reserved."

This clearly shows an intention to convey such shares out of the then existing leases or any other leases executed within the 15-year period, the right to share in such royalty under either to continue so long as oil and gas was produced in paying quantities from said land.

In Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P.2d 252, we held:

"Oil and gas royalties are a proper subject of sale or grant."

Burns v. Bastien, 174 Okla. 40, 50 P.2d 377, holds the same.

From the foregoing it appears that the court committed no error in sustaining the demurrers.

Judgment is affirmed.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur.