O. L. SIMPSON, Plaintiff in Error,

v.

A. D. BURRIS, Defendant in Error.

No. 39103.

Supreme Court of Oklahoma.

Sept. 26, 1961.

Varner & Miller, Poteau, Raymond A. Tolbert, George Fisher, Oklahoma City, J. Sam Wood, Ft. Smith, Ark., for plaintiff in error.

Kelly Brown, Muskogee, for defendant in error.

BERRY, Justice.

On July 5, 1951, defendant in error, A. D. Burris, conveyed by warranty deed approximately 1,900 acres of land lying in LeFlore County, Oklahoma, to Leone Jowell and R. B. Jowell. Following the warranty clause in the deed, this provision was inserted:

"Except: It is understood and agreed that grantor conveys to grantees one-half of all of the oil, gas and other minerals and the rights thereunto appertaining which grantor holds at this time and that grantor retains unto himself, his heirs and assigns, an undivided one-half of all of the oil, gas and other minerals that he at this time holds with the surface of said land and said second parties shall have the exclusive right to lease said real estate for the production of oil, gas or other minerals and that grantor only reserves the right of the royalty payment in the proportionate interest that he retains."

Prior to making the referred-to conveyance, Burris had executed an oil and gas lease covering the minerals underlying the land conveyed to the Jowells. This lease, which apparently was for the primary term of ten years, provided for yearly delay rentals of $1 per acre. The rentals were paid by the lessee for each year that expired between date of lease and date of trial.

On January 5, 1956, Leone Jowell conveyed by warranty deed her interest in the land to plaintiff in error, O. L. Simpson. It was stated in said deed that the conveyance was subject to a mortgage and "Subject to oil and gas leases, mineral reservations and easements of record."

On September 12, 1957, R. B. Jowell conveyed by warranty deed his interest in the land to Simpson. It was stated in the deed that the conveyance was subject to 1957 ad valorem taxes; to oil and gas leases; easements and mortgages of record, and "Subject, except as next provided, to all mineral reservations of record on January 6, 1956." Following the quoted language this appears:

"Parties of the first part expressly warrant that the interest reserved by A. D. Burris in the oil, gas and other minerals lying in and under the above described property in his warranty deed dated July 5, 1951 in favor of Leone Jowell and R. B. Jowell filed for record on December 28, 1951 in the office of the County Clerk of Le-Flore County, Oklahoma, recorded in Book 308 at Page 520, was a royalty

interest only, and was not a reservation of any interest in the minerals or mineral rights. First parties warrant that the effect of said deed was to reserve to the grantor only the right to receive one-half of the share of royalties payable out of any production under any oil and gas lease upon said land attributable to the interest in the minerals thereunder owned by said A. D. Burris at the time of execution of said deed; that the interest reserved did not include the right to execute oil and gas leases; nor the right to receive any of the bonus consideration paid for oil and gas leases; nor the right to receive delay rentals payable under oil and gas leases on said land."

By letter, under date of July 23, 1956, the assignee of the heretofore referred-to oil and gas lease, advised Burris that the reservation in the deed from Burris to the Jowells was "somewhat ambiguous in that in one place the deed reserves unto the grantor an interest in the oil, gas and other minerals, which would include rentals, royalties and other benefits which usually run with mineral ownership, and then the deed recites that the grantor only reserves the right to royalty payment, and our presumption is that it was intended that the grantees are to receive annual lease rentals which may be made under our above numbered leases, with the exception of the rentals on the 10 acres described in the second above described deed." The assignee requested that interested parties execute rental division orders covering the delay rentals payable in 1956 and subsequent years.

All delay rentals, paid for years prior to 1956 had been paid to Burris who in turn had paid over to the Jowells one-half of same.

Following receipt of the referred-to letter, Burris requested the Jowells to execute rental division orders upon the basis that Burris was entitled to one-half the delay rentals and the Jowells the remaining one-half. For reasons not made clear, an agreement was not reached concerning division of the rentals. For the year 1956 and subsequent years, the delay rentals were timely paid to a bank which presently retains same.

On January 9, 1957, Burris instituted this action in the lower court to reform the provision of his conveyance to the Jowells which is heretofore quoted. He alleged in substance in his petition that "all parties to (the deed) intended that (he) reserve full rights to one half of all minerals" but due to mutual mistake the attorney who prepared the deed inserted the clause to the effect that the Jowells should have exclusive right to lease the minerals and that Burris only reserved royalty payments in proportion to the mineral interest retained; that said clause "which purportedly gives the defendants the exclusive right to lease said real estate for the production of minerals and which purportedly only reserves the right to royalty payment on behalf of the plaintiff, being inserted in said deed by a clerical error, mistake, oversight or inadvertence, should be judicially reformed to comply with the intent to all parties of said instrument"; that said clause should be stricken from the deed; that Burris did not learn of the mistake in the deed until he received the hereinbefore referred-to letter from the assignee of the lease.

Simpson, the Jowells and a life insurance company were made parties defendant. The action as to the insurance company was dismissed prior to trial.

In his answer, Simpson denied generally the allegations of Burris' amended petition. As an affirmative defense, he pleaded that Burris' action was barred by limitations; that he was a bona fide purchaser of the land and minerals for a valuable consideration without notice.

The Jowells filed separate answers in which they each denied the general allegations of the amended petition and pleaded further that the action was barred by limitations.

Following trial of the case to the court, the court found and held in substance that

the provision of the deed in controversy "need not be reformed * * * for the reason that the reservation * * * is in the opinion of the court not ambiguous, but is clear and plain, and means * * * that the owner of the surface involved (Simpson) has the exclusive right to decide whether" to lease the minerals, but if he were to lease the minerals, Burris or his successor would be entitled to one-half the lease bonus, one-half the royalties and one-half of all other accruals; that delay rentals which had accrued but which had not been paid over by the depository bank and those that may be paid in the future under the oil and gas lease executed by Burris be paid one-half to Burris and one-half to Simpson.

From order denying Simpson's motion for new trial, which was directed to the above referred-to judgment, Simpson perfected this appeal.

As grounds for reversal, Simpson contends that the interpretation placed upon the deed is contrary to the plain wording of the reservation; that Simpson was a bona fide purchaser for value without notice of the claim asserted by Burris and for said reason the deed is not subject to being reformed; that the judgment is against and contrary to the weight of the evidence. Burris counters each of Simpson's contentions.

 As to leasing rights and privileges, the pertinent portions of the reservation are that the grantees (Jowells) should have "the exclusive right to lease (the minerals) for the production of oil, gas and other minerals and that grantor (Burris) only reserve(d) the right of the royalty payment in the proportionate (one-half) interest which he retain(d)." Since Burris granted all leasing rights to the Jowells and "only" reserved a one-half interest in the royalty, the deed on its face granted to the Jowells and their successors in title the right to take delay rentals accruing and paid under the oil and gas lease then covering the minerals and the right to take the bonus and delay rentals that

would accrue and be paid under any lease that might be thereafter granted which covered the minerals owned by Burris at the time of the conveyance. In McCullough et al. v. Burks et al., 185 Okl. 502, 94 P.2d 541, 542, we said in the first paragraph of the syllabus that "The word 'royalty' as used in connection with oil and gas leases, conveyances and reservations, has a definite meaning in its popular sense. It means a share of the products or proceeds therefrom, reserved to the owner of land for permitting another to use the property. Carroll v. Bowen, 180 Okl. 215, 68 P.2d 773." See also McNeill v. Shaw et al., Okl., 295 P.2d 276.

We are of the opinion that the deed from Burris to the Jowells purported to convey to the Jowells the interest here asserted by Simpson and that the trial court's construction of the reservation clause was therefore erroneous. Our conclusion in said respect does not, however, serve to dispose of the case. There remains for consideration the issue of whether through mutual mistake the reservation clause failed to express the true intent of the parties to the deed and the further issue of whether Simpson was a bona fide purchaser for value without notice of the alleged mutual mistake. As indicated, the trial court made no findings as to said issues.

 There is no conflict in the evidence on the proposition that at the time Leone Jowell conveyed her interest in the land and minerals to Simpson that Simpson had no notice that Burris claimed an interest in the minerals that did not appear in the record title or that a mistake had been made in drafting the deed from Burris to the Jowells and that Simpson paid Leone Jowell a valuable consideration ($25,000) for her interest in the land. It follows that as to the interest of Leone Jowell, Burris wholly failed to establish his asserted right to a reformation of the reversion clause of the deed. This is said in 76 C.J.S. Reformation of Instruments § 59, p. 409:

"An instrument may not be reformed as against a subsequent bona fide pur–

chaser for value without notice, whether the mistake occurs in a deed or in a mortgage; and an instrument is likewise not reformable as against a subsequent mortgagee for value, without notice. * * * "

See also Byrne et al. v. Ft. Smith Nat. Bank, 1 Ind.T. 680, 43 S.W. 957.

For reasons stated, the trial court erred in not rendering judgment in accordance with Simpson's contention as to the mineral interest which he acquired from Leone Jowell.

■ As to the remaining mineral interest which Simpson acquired from R. B. Jowell, there is a conflict in the evidence relative to whether the wording of the reservation clause in the deed from Burris to the Jowells resulted from a mutual mistake of fact. As indicated, the effect of the trial court's judgment was such that no findings were made on said issue. In view of our opinion herein, said issue remains to be adjudicated. The case is therefore remanded to the trial court with directions to grant a new trial as to said issue only. We add, that in view of the fact that the instant action was filed January 13, 1957; that Simpson entered his appearance herein within 60 days from said date, the issue of whether Simpson had notice of the claim asserted by Burris at the time (September 12, 1957), he acquired R. B. Jowell's interest is governed by the doctrine of lis pendens. Under said doctrine Simpson, as to R. B. Jowell's interest, will be bound by the final judgment rendered herein. 12 O.S.1951 § 180; Guaranty State Bank of Okmulgee v. Pratt et al., 72 Okl. 244, 180 P. 376; 54 C.J.S. Lis Pendens § 10, p. 578.

The judgment as to the mineral interest which Simpson acquired from Leone Jowell is reversed with directions to enter judgment in favor of Simpson to the effect that Burris reserved only the right to one-half of royalty that may be paid as such from production attributable to said interest. As to the mineral interest which Simpson acquired from R. B. Jowell, the case is remanded with directions to grant a new trial

as to said interest. At said trial, evidence shall only be considered which bears on the issues relating to the alleged mutual mistake in the reservation clause of the deed from Burris to the Jowells.

Reversed with directions.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.