BARKDULL, Judge.
John H. Payne and Judith M. Payne, appellant and appellee herein, were divorced on December 30, 1974. The final judgment of dissolution provided (among other *731 things) for the appellant to pay child support and the appellee’s attorney fees. The appellant failed to comply with these portions of the judgment, and extensive post-judgment proceedings followed seeking enforcement of those provisions, all with limited results. When the appellant failed to comply with the trial court’s last post-judgment order by the March 29, 1976 deadline, appellee’s counsel caused a writ of garnishment to be served upon the appellant, Miami Herald Publishing Company, seeking to garnishee the husband’s wages for the amount of attorney fees awarded in the various orders. The Miami Herald answered the writ, asserting as defenses that pursuant to Section 222.11, Florida Statutes (1971), the husband’s wages were not subject to garnishment and that, pursuant to Yol. 15, Section 1673, U.S.C.A., those amounts in excess of 25% of the husband’s disposable earnings were exempt from garnishment. In response, appellee’s counsel contended neither of the defenses were applicable because the amounts claimed to be due and owing were in fact child support, for which garnishment would lie under Section 61.12, Florida Statutes (1975) and Vol. 15, Section 1673(b)(1), U.S.C.A.
After hearing argument on the petition for writ of garnishment, the trial court found that the debt for which garnishment was sought was in connection with support payments and the husband’s wages were subject to garnishment. Based on that finding and upon oral argument of the husband’s and appellee’s counsel, the trial court directed The Miami Herald Publishing Company (as garnishee) to withhold and to pay unto appellee’s counsel 25% of the husband’s disposable earnings for the pay period from April 19, 1976 up to and including April 27, 1976 and for each pay period thereafter 25% of his disposable earnings, but no less than $90.00, until the total sum of $1,596.40 had been paid.
The appellants have raised the following points by this interlocutory appeal. First, that the trial court is without power to enter a continuing garnishment against future earnings; secondly, that attorney fees do not constitute an exception to Section 222.11, Florida Statutes (1975), as provided in Section 61.12, Florida Statutes (1975), to permit garnishment of wages of the head of a household; and, lastly, that attorney fees do not constitute support payments so as to permit garnishment under Vol. 15, Section 1673, U.S.C.A.
We find the latter two points to be without merit. The parties herein have argued at great length whether or not attorney fees constitute support payments under the facts of this case, so as to permit garnishment of the husband’s wages. It is not necessary to determine this question herein, as Section 61.12, Florida Statutes (1975) provides:
* it* * * * *
“ * * * money or other things due to any person * * * whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person * * * is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; * * * [emphasis added]
Clearly, the award of attorney fees, seeking to be enforced herein, is “ * * * other orders in proceedings for dissolution, alimony, or child support; * * and as such is exempt from the provisions of Section 222.11, Florida Statutes (1975). Any allegation of protection under Vol. 15, U.S.C.A., Section 1673 is equally without merit, in that under the facts herein the order appealed, in providing for garnishment, of 25% of the wage earner’s disposable earnings, fully complies with the requirements of Vol. 15, U.S.C.A., Section 1673, even if the award of attorney fees was not considered support payments.
As to the appellants’ first point on appeal, we agree that future wages cannot be garnished. Chaachou v. Kulhanjian, 104 So.2d 23, (Fla.1958). However, the appellant-husband agreed in open court to have amounts withheld from future earnings for purposes of complying with the previous *732 orders of the court. Said agreement constitutes a valid assignment of wages, to which the employer cannot object. Orkow v. Orkow, 133 Cal.App. 50, 23 P.2d 781 (1933); 6A C.J.S. Assignments § 24; 6 Am.Jur.2d, Assignments, § 46.
Therefore, inasmuch as the judgment appealed is correct under other theories revealed by the record on appeal, this court must affirm. Rivello v. Cooper City, 322 So.2d 602 (Fla. 4th D.C.A.1975); Aetna Insurance Company v. Settembrino, 324 So.2d 113 (Fla. 3rd D.C.A.1975).
Based on the foregoing, the judgment appealed herein is hereby affirmed.
Affirmed.