Roger A. READY and Walter Wicker, Appellants (Plaintiffs below),

v.

TEXACO, INC., Appellee (Defendant below).

No. 3448.

Supreme Court of Wyoming.

Feb. 18, 1966.

Harden & Harden, H. B. Harden, Jr., Casper, for appellants.

Wehrli & Williams, Houston G. Williams, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiffs filed an action in trespass alleging ownership of certain described Wyoming and United States oil and gas leases, the conducting by defendant of geophysical exploration by seismographic method of the lands described in the leases without payment therefor and without plaintiffs' consent or authorization. Demand was made for $5,648 actual and $35,000 punitive damages—$5,400 of the former claimed to be the reasonable value of the shooting rights. The answer admitted ownership of the leases as well as defendant's seismographic operations for oil and gas on a portion of the described lands but asserted that the complaint failed to state a claim upon which relief could be granted, that no information obtained by the exploration had been conveyed to others, and that the leases after the seismograph were of equal or greater value than before. Certain information by answers to interrogatories and stipulations was made a part of the record, including a letter from the Bureau of Land Management, United States Department of the Interior, which stated:

"A person or company planning to conduct seismographic operations on the public lands is not required to obtain from the Bureau of Land Management a license or permit for his seismographic exploratory work.

\* \* \* \* \* \*

"The oil and gas leases we issue do not expressly authorize or limit seismograph exploration but we believe the right to perform seismographic operations on leased land is primarily a private matter between the oil and gas

lessees and the party wishing to do seismographic operations."

Defendant moved for and was granted summary judgment, from which this appeal was taken.

■ There was no dispute concerning the factual situation or any impropriety of the issuance of a summary judgment, except that the legal question was thereby incorrectly determined. The intrinsic issue is whether or not the mentioned leases, issued under the statutes and regulations existing at the date of the instruments, granted the plaintiffs as lessees the *exclusive* right to explore the leased lands geophysically for oil and gas by seismographic methods.

The principal difference in the philosophies of the parties can well be summarized by saying that plaintiffs argue the exclusive right to prospect for oil and gas to be a right which the instruments by reasonable interpretation give, and even if not, one which is incidental to and implicit in that of drilling for the materials sought, while defendant contends that no rights can emanate from a lease except those which are specifically granted and insists that the right of exclusive exploration is not mentioned in the leases nor in any statutes or regulations which authorize leasing to be accomplished. The relevant provisions of the four leases are quite similar, those in the Wyoming lease being: "lessor * * * does hereby grant and lease to the lessee the exclusive right and privilege to drill for, mine, extract, remove and dispose of all of the oil and gas and other kindred hydrocarbon deposits * * * in or under the following described land"; those of the United States leases being: "The lessee is granted the exclusive right and privilege to drill for, mine, extract, remove, and dispose of all the oil and gas deposits * * * in the lands leased."

The litigants do not suggest, and our independent research does not disclose, any precedents concerning the rights of Federal or state oil and gas lessees as against persons conducting geophysical exploration on Government lands without the consent of the lessees. The only precedents cited relate to lands in private ownership, and we shall refer to some of them later.

That the law governing the right to recover for unauthorized geophysical exploration is generally in its formative stage is well recognized. Annotation, 67 A.L.R. 2d 444. A historical background of the development thus far, evaluating various decisions without allusions to the situation on government lands on which oil and gas leases have been given to individuals, is given in 1 Kuntz, Law of Oil and Gas § 12.7 (1962). Certain aspects of the subject are analyzed in 4 Summers, Law of Oil and Gas, c. 21 (perm. ed. 1962). A comprehensive general discussion outlining difficulties, problems, and policy considerations, with some conclusions, is found in 1 Williams and Meyers, Oil and Gas Law § 218.6 (1964), which along with other authorities indicates open questions and a lack of unanimity in many of the holdings which concern the right to explore oil and gas lands and the effect of unauthorized exploration. Joseph L. Hull, Jr., in "Oil and Gas Lessee v. Seismograph Licensee," 21 (Pt. 2) Okla.B.A.J. 1503, points up existing problems in the field and diverse views on phases of the subject. Perhaps more directly in point here are the observations in the address of Earl A. Brown, Jr., entitled, "Geophysical Trespass," 3 Rocky Mt. Law Inst. 57, 60, where he says:

"It is surprising that with the vast amount of land which is owned by the United States, there is no federal agency which has authority to grant geophysical permits on federal land; in this connection, an oil and gas lessee of federal lands does have the right to conduct geophysical operations on the land covered by his lease, but this right does not appear to be exclusive in him. * * * The states have also been slow in adopting statutes and regulations re geophysical permits on

state-owned land. Only a few states have enacted such statutes."

Mr. Brown also points out the arguments both for and against the ·exclusiveness of exploration rights.

Passing from general views and analyses in the field, we turn to cases which have been discussed by counsel. The principle for which plaintiffs cite Layne Louisiana Co. v. Superior Oil Co., 209 La. 1041, 26 So.2d 20, is that the right to enter upon land for the purpose of making a geophysical survey is a valuable property right which belongs exclusively to the owners of the land and an unauthorized invasion thereof is a trespass. This is not disputed and may be assumed, but of course, is not helpful in determining whether plaintiffs here had the exclusive right to explore geophysically on the leased lands. To the same effect is Franklin v. Arkansas Fuel Oil Co., 218 La. 987, 51 So.2d 600. In Tinsley v. Seismic Explorations, Inc., 239 La. 23, 117 So.2d 897, the court specifically abstained from deciding whether or not the plaintiff-lessee was granted an exclusive right to conduct geophysical exploration. Phillips Petroleum Company v. Cowden, 5 Cir., 241 F.2d 586, 67 A.L.R.2d 433, is cited by plaintiffs as being one where the owner of the mineral estate was held to be entitled to recover for the value of the shooting rights against one who after receiving permission from the surface owner had done seismographic work, emphasis being placed on the market value of the exploration as the criteria of recovery. They also discuss Yates v. Gulf Oil Corporation, 5 Cir., 182 F.2d 286, which holds that a lessee given a right to mine and operate for oil and gas without mention of the right of exploration, has an implied right to make exploration over the objection of the owner of the surface or subservient estate. Defendant lumps the Cowden and Yates cases together, saying that they stand merely for the proposition that the landowner may sue for geophysical trespass and the lessee has the implied right to make the exploratory operations under the usual form of lease;

therefore, no substantial dispute exists between the parties as to the holdings of those cases; and it would seem that except for the light shed upon the damage aspect by the Cowden case neither is significant in the present litigation, it being well established that a lessee under leases containing the provisions as here in issue has an implied right to explore. Boatman v. Andre, 44 Wyo. 352, 12 P.2d 370.

Perhaps the least satisfying authority presented is the early case of Shell Petroleum Corporation v. Puckett, Tex.Civ.App., 29 S.W.2d 809, where the court reversed a judgment based on a verdict for damages granted to the holder of an oil and gas lease "for the sole and only purpose of mining and operating for oil and gas." In a suit against an oil company who explored by seismograph without the lessees' permission, the court by dicta negatived the company's claim that the lessees had no right themselves to resort to seismograph and therefore could not complain of its doing so. Directly the court held that the lessee had no cause to complain and that from the evidence in the record if any injury resulted from the exploration it was to the land so that the right to recover damages was in the landowners. Plaintiffs here fearing the result of this holding point to a criticism of it in 10 Tex.L.Rev. 109, which states, "In Texas, a lease for the purpose of mining and operating for oil and gas gives to the lessee the ownership of the oil and gas in place, together with the exclusive right to mine and operate for such minerals. Incidental to this right, it would seem that the lessee has the exclusive right to explore and prospect for oil and gas, although such right may not be expressly granted in the lease." Defendant counters with the view that this criticism is based upon a peculiarity of the Texas law which gives a lessee ownership of oil and gas in place, which is said not to be true under Boatman v. Andre, supra. We think overmuch is made of both the Puckett case and the Texas philosophy of oil and gas in place. In State ex rel. School Dist. No. 1 in Weston County v. Snyder, 29 Wyo. 163, 212 P.

758, 762, we said, "Oil and gas, while in situ, are part of the realty; part of the corpus of the land"; see Denver Joint Stock Land Bank of Denver v. Dixon, 57 Wyo. 523, 122 P.2d 842, 140 A.L.R. 1270, and McGinnis v. McGinnis, Wyo., 391 P.2d 927. Our further elucidation that the right created by an oil and gas lease is merely to search for oil and gas and if either is found to remove it from the land leased so as to make it a profit a prendre and hence an incorporeal hereditament in Boatman v. Andre, supra, although it delineates and refines does not substantially alter the original statement made in the Snyder case that such right is a part of the realty. It would seem that under our definition of the rights conveyed by an oil and gas lease a lessee would have such an interest as could be protected if injury is caused by a naked trespasser. In line with that aspect, neither of the parties point to the fact, which to this court seems of significance here, that in the disposition of the Puckett case no attention was paid to whether the company was a naked trespasser or had acquired rights through individuals, other than the appellees, from the landowners.

 It could not well be questioned, and is not here, that a lessee has an incidental right to explore by geophysical means the lands he has leased. See Boatman v. Andre, supra, and Yates v. Gulf Oil Corporation, supra. Nevertheless, it is settled that implied covenants are not favored by the law and will not be interpreted to exist unless from the language employed in the instrument such implication is indispensable in the effectuation of the intention of the parties. Arch Sellery, Inc., v. Simpson, Wyo., 360 P.2d 911; United States v. Nickel, 10 Cir., 243 F.2d 924; 17A C.J.S. Contracts § 328, pp. 287–288. As well pointed out by defendant here, the leases in question do not explicitly grant to lessee the right to explore. However, by clear implication they permit exploration by any reasonable or prudent means, but conversely, there is no exclusive right to explore. The governments in each instance could

have made such grant but they did not do so. The lessees say that the drilling of a seismograph well to the depth of 300 feet is in a general sense the drilling for oil and gas within the meaning of the exclusive grant to them of the right to drill and that this view is strengthened by the fact that at the time these lease forms were originally drawn the only known means of exploring for this type of mineral was by drilling. This contention is not without some force as a rationalization, but it is difficult to conceive that the parties intended such meaning, and plaintiffs are apparently unconvinced on the point inasmuch as they do not substantiate their position.

Plaintiffs urge as important considerations in interpreting the granting clause of the leases the Federal statutes under which they are issued, particularly 30 U.S.C.A. § 225, which provides that the lessee will in conducting his explorations and mining operations use reasonable precautions to prevent waste or the entrance of water through wells drilled by him to the oil sands or oil-bearing strata, to the destruction or injury of the oil deposits, with a provision that the lease may be forfeited for noncompliance. They say it would seem strange that a trespassing geophysical seismographer could drill a hole which would injure the oil strata without any contractual obligation on his part, whereas the lessee is under a penalty of possible forfeiture. They also state that 43 U.S.C.A. § 1340 relating to exploration on the continental shelf, and the regulations promulgated thereunder, specifically reserve the right of the Government, and those it authorizes, to conduct geophysical exploration. These arguments while admittedly logical and relating to practical situations are insufficient to overcome the general rule above stated that before an unexpressed term may be implied such implication must arise from the language employed in the instrument or be indispensable to effectuate the intention of the parties. In fine, these contentions fall short of showing either that the respective governments concerned intended that the right of exploration be ex-

·clusive in the lessees or that the right of exclusive exploration is a prerequisite to the enjoyment by the lessees of the rights specifically accorded.

In its motion for summary judgment, defendant claimed itself entitled to judgment as a matter of law on the bases:

"1. That the United States oil and gas leases and the State of Wyoming oil and gas lease under which plaintiffs claim and upon which their rights are based do not grant to plaintiffs any right which has been impaired, invaded or denied by defendant, and specifically do not grant to plaintiffs the exclusive right and privilege of conducting seismograph operations upon such lands.

"2. That even if it be determined that plaintiffs have a property right or other right to geophysical exploration, exclusive or otherwise, defendant has not denied to plaintiffs or damaged or impaired or prevented plaintiffs' said right to conduct geophysical exploration upon the lands in question, and plaintiffs, during all times they owned a leasehold estate in such lands, were entitled, if granted the right under their leases, to conduct such seismograph operations, and therefore plaintiffs have not been damaged.

"3. That the United States, being the owner of the minerals under the United States oil and gas leases herein, does not require a license or permit for seismograph operations, and that the United States, as mineral owner, is the only one entitled to complain of defendant's actions, and the same is true of the State of Wyoming."

Ramifications flow from these reasons, which give an initial impression that there are questions of fact which may have precluded the court's issuance of a summary judgment, e. g., In view of the record, was there a question of fact as to whether or not in the absence of governmental policy to issue licenses for exploration of public land that right was in the public unless given exclusively by the government to its lessees? Nevertheless, in oral argument before this court, appellants indicated their belief that for a plaintiff to maintain an action of this nature he must have the exclusive right to explore. And in their brief they stated, "The only question of law submitted to the lower court, and which is to be answered by the Appellate Court, is whether or not the leases in question, related statutes and regulations grant to the Lessees, Appellants herein, the exclusive right to explore the subject leased lands by seismograph methods." In view of our holding that lessees do not have an exclusive right to explore and the fact that appellants did not question the issuance of the summary judgment either in the trial court or here on any other basis, the cause is affirmed.

Affirmed.