**MUSTANG PRODUCTION COMPANY, Plaintiff,**

v.

**TEXACO, INC., Defendant.**

No. 82–1458.

United States District Court, D. Kansas.

Oct. 22, 1982.

David O. Cordell and David W. Buxton, Oklahoma City, Okl., Dale M. Stucky, Gerrit H. Wormhoudt and Gregory J. Stucky, Wichita, Kansas, for plaintiff.

Jack M. Short, Tulsa, Okl., Ken M. Peterson, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

KELLY, District Judge.

This matter is now before the Court on defendant's motion to dismiss and on plaintiff's motion for partial summary judgment. The question at issue is whether an oil and gas lease that expressly grants to plaintiff the right to conduct geophysical exploration of the leased tracts impliedly grants plaintiff the exclusive right to conduct such exploration. As explained below, the Court concludes that plaintiff's geophysical exploration right is not exclusive, and that defendant's motion to dismiss must therefore be granted, while plaintiff's motion must, of course, be denied.

[1] Plaintiff is the owner of several oil and gas leases that cover tracts of land located in Harper County, Kansas, and Grant County, Oklahoma. The granting clauses in each of these leases provides that:

[L]essor ... has granted unto ... lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil ..., gas ..., and for laying pipelines, and building tanks, towers, stations, and structures [on a described tract of land].

Manifestly, this language does not expressly grant plaintiff the exclusive right to conduct geophysical exploration of the lands covered by the leases, and the Court is unable to perceive why such an exclusive right should be implied as a matter of law.

■ The Court does not quarrel with the many authorities cited by plaintiff to the effect that grants of the right to drill for, produce, and market oil or gas are impliedly exclusive, *see, e.g., Northern Natural Gas v. Grounds,* 292 F.Supp. 619, 668 (D.Kan.1968). Such an implication is a necessary consequence of the nature of an oil and gas lease, which under both Kansas and Oklahoma law is an incorporeal hereditament, that is, an inchoate right to reduce all the oil and gas under the land to possession and thereby acquire title to such products. *Id.* These rights can hardly be granted to more than one person: oil can't be taken from the ground more than once, any more than a game animal can be hunted and eaten more than once. But there is no inherent inconsistency in granting different persons the right to conduct geophysical exploration, because they need not interfere with each other's activities, just as the game animal that can only be eaten once can be photographed innumerable times.[1]

The only case which has previously decided the issue, *Ready v. Texaco,* 410 P.2d 983 (Wyo.1966), also held that an oil lessee's right to conduct geophysical exploration was not impliedly exclusive, and plaintiff's attempts to distinguish that case are unpersuasive. Nothing in the *Ready* court's reasoning suggests that its decision would have

---

1. The analogy to game animals is not inappropriate: much of today's oil and gas law has been built around a theoretical framework supplied by older law regarding animals *ferae naturae. See, e.g., Rich v. Doneghey,* 71 Okl. 204, 177 P. 86 (1918); *Westmoreland & Cambria Natural Gas Co. v. DeWitt,* 130 Pa. 235, 18 A. 724 (1899); *State v. Ohio Oil Co.,* 150 Ind. 21, 49 N.E. 809 (1898).

been different had the landowner been a private individual rather than a governmental entity. Nor does it make any difference that plaintiff's right to conduct geographical exploration is explicitly provided in the lease, rather than implied from a more general grant. Express rights are not inherently exclusive ones: plaintiff is granted the express right to lay pipelines and build structures, but could scarcely contend that the farmers who granted those rights might not grant easements to pipeline companies or build new barns if those acts did not interfere with plaintiff's operations. As stated in *Ready,* "implied covenants are not favored by the law and will not be interpreted to exist unless from the language employed in the instrument such implication is indispensable in the effectuation of the intention of the parties." 410 P.2d at 983. As pointed out by defendant, had plaintiff wished to obtain an exclusive right to conduct geophysical explorations, it could have supplied its land agents with one of the many preprinted lease forms that so provide.

IT IS ACCORDINGLY ORDERED that defendant's motion to dismiss be granted, and that plaintiff's motion for partial summary judgment be denied.