## MUSTANG PRODUCTION COMPANY, Plaintiff-Appellant,

v.

## TEXACO, INC., Defendant-Appellee.

Nos. 82–2430, 82–2471.

United States Court of Appeals, Tenth Circuit.

Feb. 12, 1985.

Dale M. Stucky, Wichita, Kan. (Gerrit H. Wormhoudt and Gregory J. Stucky, Wichita, Kan., with him on the brief) of Fleeson, Gooing, Coulson & Kitch, Wichita, Kan. (David O. Cordell and David W. Buxton, Mustang Production Co., Oklahoma City, Okl., also on the brief) for plaintiff-appellant.

Jack M. Short, Tulsa, Okl., for defendant-appellee.

Before BARRETT and McKAY, Circuit Judges, and BURCIAGA, District Judge.[*]

McKAY, Circuit Judge.

The issue in this case is whether plaintiff, lessee under several oil and gas leases, has the exclusive right to conduct geophysical explorations on the land subject to the leases.

The leases at issue cover tracts of land located in Kansas and Oklahoma. Plaintiff filed actions against defendant Texaco in both states, seeking damages and an accounting on the ground that defendant had conducted geophysical explorations on land covered by plaintiff's leases without plaintiff's consent. Defendant moved to dismiss both actions on the ground that plaintiff did not have the exclusive right to conduct such explorations, and therefore had no cause of action against defendant. Both courts below agreed, and each granted defendant's motion to dismiss under Fed.R. Civ.P. 12(b)(6). 549 F.Supp. 424. Plaintiff appeals, and the cases have been consolidated for purposes of the appeal.

■ The right to go onto the property at issue and conduct geophysical exploration is a valuable property right, with an ascertainable market value. *See Ohio Oil Co. v. Sharp,* 135 F.2d 303, 306 (10th Cir.1943); 1 Williams & Meyers, *Oil and Gas Law* § 230 (5th ed. 1982). Numerous cases have recognized a fee simple owner's right of recovery against a geophysical explorer who enters upon land without the landowner's consent and conducts a geophysical survey. *See, e.g., Phillips Petroleum Co. v. Cowden,* 241 F.2d 586 (5th Cir.1957); *Wilson v. Texas Co.,* 237 S.W.2d 649 (Tex. Civ.App.1951).

Plaintiff contends that when, as here, the landowner has severed the mineral rights from the surface rights through an oil and gas lease, the lessee has the exclusive right to conduct geophysical explorations and has a right of recovery against those who conduct such explorations without its consent, even if those parties have the consent of the lessor.[1] Plaintiff's leases clearly grant it the right to conduct geophysical exploration on the leased land.[2] However, this right is not expressly exclusive. The issue, therefore, is whether exclusivity

---

[*] Honorable Juan G. Burciaga, United States District Judge for the District of New Mexico, sitting by designation.

1. Defendant contends that it would be prepared to prove that it had permission from the lessor to conduct geophysical operations. *See* Texaco's Reply to Mustang's Response to Texaco's Motion to Dismiss, Record, vol. 1, at 47.

2. The granting clause in each of the leases provides that:

[L]essor ... does grant, demise, lease and let unto the said lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil ..., gas ..., and for laying pipe lines, and building tanks, powers [sic], stations, and structures thereon, to produce, save and take care of said products [on a described tract of land]. Record, vol. 1, at 5–11.

should be implied as a matter of law. The issue is apparently one of first impression in both Kansas and Oklahoma.

"In the absence of language indicating a contrary intent, a grant of such incidental rights as are essential to the full enjoyment of the property conveyed will be implied." *Melton v. Sneed,* 188 Okl. 388, 109 P.2d 509, 512 (1940). Thus, even in the absence of express language, the courts have implied the right to ingress and egress for purposes of exploring for and removing oil and gas, *Melton,* 109 P.2d at 512, and the right to conduct geophysical explorations. *Yates v. Gulf Oil Co.,* 182 F.2d 286 (5th Cir.1950); *Ready v. Texaco,* 410 P.2d 983 (Wyo.1966). Such grants and easements, however, normally are viewed as non-exclusive. The landowner retains the right to make identical uses of the land or to authorize others to do so, so long as that use does not interfere with the lessee's ability to develop the lease. 1 Williams & Meyers, *Oil and Gas Law* § 218.6 (5th ed. 1982). For example, plaintiff concedes a lessor may authorize third parties to lay pipelines across the leased land, despite the express grant to plaintiff of the right to lay pipelines. Unless a lessor has expressly granted an exclusive right, he or she "has the right to so use the surface and substrata of [the] land as [he or] she sees fit, or permit others to do so, so long as such use does not injure or damage other persons." *Sunray Oil Co. v. Cortez Oil Co.,* 188 Okl. 690, 112 P.2d 792, 795 (1941). *See also Williams v. Phillips Petroleum Co.,* 406 P.2d 474 (Okla.1965).

Because oil and gas may be reduced to possession but once, drilling by the lessor or persons authorized by the lessor necessarily would interfere with the lessee's ability to reduce the oil and gas to possession. Courts have found, therefore, that an exclusive right to drill is essential to effectuate the purposes of the lease, and have implied exclusivity even when the lease

was silent. *Cf. In re Levy,* 185 Okl. 477, 94 P.2d 537 (1939) (defining an oil and gas lease as a grant of exclusive right to take all the oil and gas that could be found by drilling wells upon the particular tract). Similarly, the lessor cannot authorize others to drill a directional well, surfaced on the leased land but to be bottomed under other land, if the drilling will cause drainage from the pool underlying the lease. *Hancock Oil Co. v. Meeker-Garner Oil Co.,* 118 Cal.App.2d 379, 257 P.2d 988 (1953) (finding that lessee has a cause of action against the drilling party even if the lessor has authorized the drilling). In both cases, the exclusivity is justified as essential to enable the lessee to fulfill the purpose of the lease: the capture of the oil and gas under the leased land.

Plaintiff has not demonstrated why an exclusive right to conduct geophysical exploration is necessary to the effectuation of the purposes of the lease. Geophysical exploration does not reduce oil to possession, nor does it cause drainage of the oil from the leased land.[3] Indeed, it does not even directly locate oil and gas. Rather, the process only locates geological structures favorable to the accumulation of petroleum. 8 Williams & Meyers, *Manual of Oil and Gas Terms* 318 (5th ed. 1982); Martin, "Geophysical Exploration on Severed Mineral Interests in Oklahoma," 36 Okla.B.A.J. 1889, 1892 (1968). Thus, unlike drilling operations, exploration such as that conducted by the defendant does not result in reduction of the oil available to the lessee. The lessee is free to exercise its right to conduct geophysical explorations, and retains the exclusive right to extract the oil and gas. If the defendant obtained data indicating the possibility of oil and gas, it could not extract that oil or gas without the permission of the lessee.

Plaintiff asserts that, with the knowledge it has gained, defendant can "upset

---

**3.** The seismic method of geophysical exploration, used by the defendants, determines subsurface formations by measuring shock waves reflected and refracted off subterranean rock formations. 8 Williams & Meyers, *Manual of*

*Oil and Gas Terms* 318 (5th ed. 1982). The explorer sets off the shock waves by detonating dynamite, and measures the time interval between detonation and the arrival of the impulses at a series of seismic detectors.

the orderly development" of Mustang's operations by drilling wells on the perimeter of its adjacent leases, forcing Mustang to drill offset wells. It asserts that this "interference" demonstrates that an exclusive right is essential. However, Texaco can drill wells on the perimeter of its leases with or without conducting geophysical exploration on plaintiff's leases. Plaintiff has not shown how implication of an exclusive right will prevent such interference. This is particularly true in light of the fact that, under current technology, defendant can obtain geophysical information about the formations under plaintiff's leases without ever going on to plaintiff's land. *See* "Oil and Gas: Recovery for Wrongful Geophysical Exploration—Catching Up with Technology," 23 Washburn L.J. 107 (1983).

Conversely, there are several reasons why the lessor would prefer to retain the right to explore, or to authorize others to explore, the leased land. The greater the number of parties allowed to explore, the more exploration will occur and the greater will be the potential for development of the land. *See* "Non-Exclusive Rights of Lessees to Conduct Geophysical Exploration—Federal and Wyoming State Oil and Gas Leases," 3 Land & Water L.Rev. 103, 106 (1968) (concluding that exclusive exploration rights reduce the rate of exploration). Given these factors, the plaintiff has failed to convince us of the necessity of implying an exclusive right to conduct geophysical exploration. This conclusion is supported by numerous commentators. *See, e.g.,* 1 Williams & Meyers, *Oil and Gas Law* § 218.6 (5th ed. 1982); Comment, "Implied Rights of the Oil and Gas Owner in the Surface," 26 Rocky Mtn.L. Rev. 277, 287 (1954); Martin, "Geophysical Exploration on Severed Mineral Interests in Oklahoma," 36 Okla.B.A.J. 1889, 1894 (1968).

In the only cases we have found in which this issue has been considered, the courts have, similarly, refused to imply an exclusive right to conduct geophysical exploration. *Ready v. Texaco*, 410 P.2d 983 (Wyo.

1966); *Shell Petroleum Co. v. Puckett*, 29 S.W.2d 809 (Tex.Civ.App.1930). As the Wyoming Supreme Court stated in *Ready*:

It could not well be questioned, and is not here, that a lessee has an incidental right to explore by geophysical means the lands he has leased.... Nevertheless, it is settled that implied covenants are not favored by the law and will not be interpreted to exist unless from the language employed in the instrument such implication is indispensable in the effectuation of the intention of the parties.... As well pointed out by defendant here, the leases in question do not explicitly grant to lessee the right to explore. However, by clear implication they permit exploration by any reasonable or prudent means, but conversely, there is no exclusive right to explore. The governments in each instance could have made such grant but they did not do so.

410 P.2d at 986 (citations omitted).

If, as plaintiff alleges, the exclusive right to conduct geophysical exploration is so important, it can insure such exclusivity through express provisions in their leases.

It is common knowledge that lessees are the ones who prepare and draft oil and gas leases, and the courts will not strain to interpret one clause in a lease to give it the force and effect of an entirely different clause when such different clause was available for use at the time the lease was drawn.

*Wickham v. Skelly Oil Co.*, 106 F.Supp. 61, 70 (E.D.Okla.1952), *aff'd* 202 F.2d 442 (10th Cir.1953).

Since plaintiff does not have an exclusive right to conduct geophysical exploration, the district courts properly dismissed the cases for failure to state a cause of action.

AFFIRMED.