ROYE REALTY & DEVELOPING, INC., and Charles D. Roye, Appellants,

v.

SOUTHERN SEISMIC and TXO Production Company, Inc., Appellees.

No. 63139.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 10, 1985.

Bill J. Nunn, Stigler, for appellants.

Linda A. King, Oklahoma City, for appellees.

REIF, Presiding Judge.

Charles Roye appeals the denial of injunctive relief to prohibit TXO from conducting seismic tests on Roye's oil and gas leases. He charges that those tests constituted geophysical trespass upon the mineral interest. He further contends that his leases expressly granted him the right to explore for oil and gas. Roye urges this is an exclusive right and that the geological condition of the mineral estate is protected from being discovered and hence "taken" by the intrusion of another.

Roye testified in his own behalf, sponsoring his leases as exhibits. He expressed his personal fears for the safety of his producing well, pipelines, and operating personnel due to the blasting and drilling associated with seismic testing. He believed that repercussions could cause a shift in the ground that could rupture the four and one-half inch casing on his well. In response to his counsel's leading question, Roye indicated that he was also attempting to protect "privileged" information acquired through expensive drilling on the lease.

TXO defended by first stating that it had permission from the surface/mineral owners for its testing agent, Southern Seismic, to conduct the tests. It contended that this permission was sufficient because Roye's right of exploration was not exclusive. Next, TXO urged that there was no trespass on the mineral leasehold. It asserted such a "lease" is an incorporeal hereditament, or the right to reduce the minerals to possession, as opposed to an interest that is possessed within the purview of trespass law. TXO also argued that neither the minerals nor their production were disturbed or adversely affected by the

tests. It contended Roye failed to establish irreparable harm or trespass.

TXO called its geophysicist who explained seismic testing and the need to conduct such tests on the Roye lease. TXO was testing its lease in the adjoining section and required a "tail spread" of data. The purpose was to obtain a "fullfold" or more complete picture of the subsurface geology. He explained that the practice in the industry for obtaining permission to perform such tests on surrounding leases varies from state to state. In Oklahoma, the practice was to obtain permission from the surface owner only.

The trial court found that Roye's right to explore for oil and gas was not exclusive under the leases in question. The court also found that Roye had failed to demonstrate irreparable harm from the testing. A temporary restraining order and injunction were accordingly denied.

Both parties assert that 1 E. Kuntz, *A Treatise on the Law of Oil and Gas*, § 12.7 (1961), supports their position. Kuntz observes that when the mineral owner grants an oil and gas lease, the respective rights of the lessor and lessee to conduct geological and geophysical exploration will depend on the provisions of the lease. He further states that if the lessee has been granted the *exclusive* right to prospect and explore for oil and gas, the lessor has no right to conduct explorations and operations nor can he grant such a right to another. Conversely, however:

> If the lessee is *not expressly granted an exclusive right to prospect and explore* under the oil and gas lease ... he should not be in a position to make a valid complaint of seismograph operations conducted by the lessor or his licensee.

*Id.* at 283 (emphasis added) (footnote omitted).

The leases in question provide that the lessors grant Roye the lease "for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil ... gas ... and for laying pipe lines, and building tanks, powers, [*sic*] stations and structures thereon, to produce, save and take care of said products." *Mustang Production Co. v. Texaco, Inc.*, 754 F.2d 892, 893 (10th Cir.1985) (emphasis added), involved almost identical oil and gas lease provisions. There, the court observed that such provisions clearly granted the lessee the right to conduct geophysical exploration on the leased land, but that this right was *"not expressly exclusive."*

*Mustang* affirmed the dismissal of damage suits by an oil and gas lessee against an oil company for geophysical explorations on land subject to the leases without the lessee's consent. In addition to finding that the leases did not expressly grant an exclusive right of such exploration, the court decided whether such exclusivity should be implied as a matter of law. It noted this was a question of first impression under Oklahoma law.

The court found no reason why an exclusive right to conduct geophysical exploration is necessary to the effectuation of the purposes of an oil and gas lease. In particular, it observed that such exploration does not reduce oil to possession or even directly locate oil and gas. Conversely, the court noted that the "greater the number of parties allowed to explore, the more exploration will occur and the greater will be the potential for development of the land." *Id.* at 895.

Additionally, Kuntz points out that a lessor has a vital and continuing interest in exploration of the premises. This is helpful in determining whether the lessee is discharging his implied obligations, and to interest third parties in a lease upon expiration of the present lease. The court in *Mustang* concluded that if an exclusive right to conduct geophysical exploration is so important to an oil and gas lessee, it can be bargained for and ensured through express provisions in the leases.

 We conclude that the leases in the instant case did not secure an exclusive right of geophysical (or other non-drilling) exploration to lessee Roye. We also conclude the right of exploration is not exclu-

sive as between a lessor and lessee unless expressly agreed by the parties. In that TXO obtained permission from the mineral lessors who were also owners of the surface area where the testing took place, we conclude that the exploration did not unlawfully invade or intrude upon the lease rights of Roye. TXO simply exercised rights that the lessors retained.[1]

 In absence of an exclusive right there must be at least a reasonable probability that an injury will be done if no injunction is granted. *Sunray Oil Co. v. Cortez Oil Co.*, 188 Okla. 690, 112 P.2d 792 (1941). The right to the injunction must be established with certainty, and the evidence must be clear, convincing, and satisfactory. A mere fear, apprehension, or possibility that injury may result is insufficient. An "injunction should be denied where the evidence is such as to leave in doubt the existence of any fact necessary to authorize the issuance of the injunction." *Id.* 112 P.2d at 796.

 Roye failed to prove to any degree of certainty or probability that he will be irreparably injured by the acts of the defendant. Having correctly analyzed and determined the issues in this case, the trial court is affirmed.

BACON and MEANS, JJ., concur.

1. In reaching this conclusion we do not decide whether the activities associated with seismic testing and geophysical exploration can constitute a trespass on the mineral estate. Additionally, we do not pass on whether a surface owner who has absolutely no interest in the mineral estate can conduct geophysical testing of the subsurface strata or license others to do so.